Guild *v.* Rogers.

---

SAME TERM. *Before the same Justices.*

### GUILD *vs.* ROGERS.

Distress for rent is not an essential part of the contract between landlord and tenant. It is merely a remedy to enforce the collection of the rent, and as such is within the acknowledged scope of state legislation.

Whatever belongs to the *remedy* may be altered according to the will of the legislature; provided the alteration does not impair the obligation of the contract.

The act of the legislature of May, 1846, abolishing distress for rent, does nothing more than change the remedy upon contracts between landlord and tenant; leaving the obligation of the contract unimpaired, and a substantial remedy still existing. The act, therefore, is not liable to any constitutional objection.

THIS was an action of trespass, for seizing and taking personal property. The defendant, by his plea, justified the entering upon the premises and seizing and taking the property in question, on the 7th of July, 1846, as and for a distress for rent due from the plaintiff on the 1st day of May, 1846, for the five months previous thereto. To this plea the plaintiff demurred. The other material facts appear from the opinion of the court.

Guild *v.* Rogers.

*R. W. Townsend,* for the plaintiff.

*Wm. Watson,* for the defendant.

*By the Court,* EDMONDS, P. J.  The act of the legislature of May, 1846, abolishes distress for rent in these few words, "Distress for rent is hereby abolished." That act took effect on the 2d of June of that year. The pleadings in this suit alledge that for rent due on the 1st May, 1846, the defendant distrained the goods in question on the 7th of July in that year. And it is insisted by the demurrer that such distress was unlawful.

That depends on the question whether distress in such case is an essential part of the contract, or merely a remedy to enforce a recovery for its non-performance. If the former, the law may be regarded as unconstitutional, as impairing the obligation of a contract. If the latter, it may be deemed unexceptionable, because within the acknowledged scope of state legislation.

It is nowhere averred in the pleadings that the contract of letting had stipulated for the right to distrain. The averment merely is that the plaintiff, for five months before the 1st May, 1846, held the premises as tenant to the defendant, under and by virtue of a demise theretofore made, &c. and that $1000 of the rent was in arrear and unpaid, wherefore the defendant did enter and distrain, &c. The reliance of the plea, therefore, is not upon any express contract giving a right to distrain, but upon the remedy given by law in such cases before the passage of the act of 1846. In such cases the right to distrain for rent in arrear, is as much a remedy for a debt due, as an execution against the debtor's goods now is, or as an execution against his person formerly was. It was indeed a more speedy and summary remedy than a suit at law and an execution thereon; and whatever may be our opinion of the morality of that legislation which affects or changes the remedies for the enforcement of contracts already made, the court is bound to obey the law, unless they see that it impairs the obligation of a contract.

In this instance the contract was that the plaintiff would pay a certain rent.    That contract remains untouched by this law. Its performance can be enforced by an ordinary suit prosecuted to judgment and execution, as well and in the same manner as if the contract to pay the same sum of money had assumed the form of a promissory note or a penal bond.    No part of the debtor's property is withdrawn by this law, from the liability to satisfy the debt, so as to bring the law within the principle of *Quackenbush* v. *Danks*, (1 *Denio*, 128,) and *S. C. on appeal*, (1 *Comst.* 129.)    Nor is the remedy burdened with new conditions and restrictions, rendering it hardly worth pursuing; so as to bring the case within the authority of *Kinzie* v. *Bronson*, (1 *Howard*, 311.)    Nor does it present a case within the undoubted power of state legislation, but whose provisions are so unreasonable as to amount to the denial of a right, as in *Mc-Cracken* v. *Hayward*, (2 *Id.* 608.)    But it is manifestly within the rule which allows the legislature to vary the nature and extent of the remedy, so always that some substantial remedy exists; (*Story's Com.* § 1379;) and within the principle established in *Kinzie* v. *Bronson*, (*supra*,) that undoubtedly a state may regulate at pleasure the mode of proceeding in its courts in relation to past contracts as well as future.    And although a new remedy may be deemed less convenient, and render the recovery of debts more tardy and difficult, yet it does not follow that the law is unconstitutional.    Whatever belongs to the remedy may be altered according to the will of the state ; provided the alteration does not impair the obligation of the contract.

For the recovery of rent, notwithstanding the law of 1846, a substantial remedy still exists, the same that exists under our laws for the recovery of every other debt.    The obligation of the contract is unimpaired ; that is coeval with the undertaking to perform the contract, originates with the contract, and operates anterior to the time of its performance, but the remedy of distress which is taken away acted only on the broken contract, and enforced a pre-existing obligation.    (*Story's Com.* § 1379. 12 *Wheat.* 349.)    In the language of the chief justice in the case of *Kinzie* v. *Bronson*, the law has done nothing more than

change the remedy upon contracts of this description, and is liable to no constitutional objection.

There must, therefore, be judgment for the plaintiff on the demurrer, with the usual leave to amend.

SAME TERM. *Before the same Justices.*