## DICKERSON *vs.* COOK.

The 292d section of the code of 1849, authorizing the examination of a judg-
ment debtor, upon the return of an execution issued against him, unsatis-
fied, applies to cases where the execution was issued *before* the code took
effect as well as to those where the execution has been issued since that time.

APPEAL from an order made at a special term, denying a
motion to set aside a previous order for the examination of the de-
fendant, as to his property, under the 292d section of the code
of 1849.

*H. Brewster*, for the plaintiff.

*S. Sanxay*, for the defendant.

*By the Court*, ROOSEVELT, J. On the 16th of April, 1853,
Mr. Justice Mitchell made the usual order, in this case, directing
the defendant as a judgment debtor to attend and be examined
as to his property. The defendant thereupon, on the 19th of
August following, applied to Mr. Justice Morris at special term,
on affidavits and notice, to set aside the order of April previous.
After full hearing the application to set aside was denied with
costs. From that order the defendant appeals to the general
term, insisting that, under the circumstances, he is not bound to
submit to an examination into his pecuniary affairs at the in-
stance of the plaintiff Dickerson.

He contends that the code, § 292, which authorizes this kind
of examination, did not take effect till the 1st of May, 1849,
after the execution against him had been issued, which was on
the 30th of April, 1849, and cannot therefore, without violating
a great principle of law, be retroactively applied to his case. If
the defendant is sustained in this view, as the old practice by
bill of discovery is abolished, (§ 389,) the plaintiff must be with-
out remedy—a result which certainly could not have been con-
templated by the legislature.

Now what is the language of the code? " After the issuing
of an execution against property, &c. the court or a judge
thereof may by an order require the judgment debtor to ap-

pear," &c.   It does not say "whenever an execution *shall be* issued," but in effect, "whenever an execution shall *have been* issued."   The issuing of an execution is a condition precedent, but not its issuing before or after the code, or before or after any particular date whatever ; provided it be issued before the examination, or rather before the order for the examination.   Upon any other construction the creditor, I have said, would be without remedy.   This is not exactly so : he might return the old execution and issue a new one.   But is the code, in a case of ambiguity, admitting the present to be such a case, to be construed with such idle strictness ?   The code itself, (§ 467,) says it shall not, and declares expressly that the ancient niceties formerly applied to the interpretation of certain statutes, have " no application to the act."   Thus discountenancing in the most pointed manner all unsubstantial technicalities which serve only to entangle justice in the nets of form.

In addition to these reasons we might cite the language of the amending act of 1851, which declares that " the provisions," (that is, all the provisions,) of the code apply, among other cases to "future proceedings" to enforce judgments, in actions theretofore commenced.   The application to Mr. Justice Mitchell was " a proceeding to enforce a judgment ;" it was a proceeding had after the amending act took effect, and, therefore, a " future proceeding."   It was consequently within the very letter, as it clearly was within the obvious reason and spirit, of the act.

To give to the code this construction, it is said, would be to make it a retrospective law.   Every retrospective law is not necessarily objectionable.   The criticism, in that respect, applies only to the creation of new penalties or forfeitures, and not to merely remedial acts.   The legislature, say the court in *Stocking* v. *Hunt*, (3 *Denio*, 274,) may change the remedy upon, but not the terms or obligations of, a contract.   They may even abolish distress for rent on antecedent leases.   (*Guild* v. *Rogers*, 8 *Barb.* 502.)

Order appealed from affirmed with costs.

[NEW-YORK GENERAL TERM, December 5, 1853.  *Edmonds, Mitchell, Edwards* and *Roosevelt*, Justices.]