[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 301 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 302 
The contract between the landlord and the tenant in this case provides, among other things, for the payment of the rent reserved, by the lessee, and then declares that these presents and everything therein contained are upon this express condition, that if no sufficient distress can be found upon the premises to satisfy such rent due and in arrear as aforesaid, or if either of the conditions and covenants thereinbefore contained, upon the part of the lessee to be performed, fulfilled and kept, shall *Page 303 
not be performed, fulfilled and kept, or shall be broken, that then and in each and every such case, from thenceforth and from all times thereafter, it shall be lawful for the grantor to enter, c.
The act of 1846 (ch. 274) abolished the remedy of distress for rent, and provided that whenever a right of reëntry was reserved to a grantor, in default of a sufficiency of goods whereon to distrain for the satisfaction of any rent due, such reëntry might be made at any time after default in the payment of such rent, provided fifteen days previous notice in writing should be given, notwithstanding there might be a sufficiency of goods on the lands demised, c.
It is claimed by the defendant that this act is unconstitutional, as impairing the obligation of the contract above quoted.
The terms "sufficient distress," in the grant, are not equivalents for "sufficient property to satisfy the rent." They refer to property not only sufficient in kind and value, for that purpose, but which, in addition, is subject by law to be distrained and sold, in satisfaction of the rent in arrears. They include the idea of an existing legal remedy, as well as of property subject to it. If this is the force of that expression, the parties to the grant must be presumed to have contracted in reference to the power and right of the legislature to modify or annul that remedy in common with others. The effect of abolishing distress for rent, by statute, would not be to change the contract, but to render a performance of the stipulated condition impossible. The tenant might have any assignable amount of personal property upon the premises, but he could not, after the passage of the act, have a "sufficient distress." As the parties contracted in reference to the possibility that the legislature might exercise the undoubted power which they possess over this particular remedy, neither should be concluded by the precise terms of their contract. *Page 304 
The tenant ought not to lose his estate by the non-performance of the condition subsequent upon which it was in the demise made dependent, nor ought the landlord to be deprived of resort to any legal remedy to enforce payment of the rent, which the wisdom of the legislature might substitute in place of the one mentioned or implied in the agreement. This, as it seems to me, was the situation of these parties at the commencement of the suit. The tenant had covenanted to pay the rent, and stipulated that if he broke this covenant the grantor might reënter. The landlord's remedy upon a breach of this condition was a proceeding at common law. The lessee had also agreed that, if the rent was in arrear, "sufficient distress" could always be found upon the premises to satisfy that rent, and if not, the grantor might reënter for this cause also. For failure in this particular, the landlord could proceed at common law or under the statute. (2 R.S.,
597.) Then came the law of 1846. The right to distrain was abolished. There could, therefore, be no sufficient distress upon or off the premises. The tenant could not comply with a condition which contemplated the continuance of a procedure which was superseded by the paramount authority of the legislature. He was therefore excused from performance. But he could pay the rent; this was quite possible; and the legislature declared that he should do this, after previous notice of fifteen days to that effect, or that the landlord might reënter. The remedy is given as to all leases which contain a covenant of reëntry for want of a sufficient distress for rent in arrear, but it is not granted because the lessee failed to fulfill that particular condition, but because he failed to pay his rent.
The character of the grant or demise in this respect is used to designate the class of cases to which the law is applicable, but this reference no more affects the contract than if the statute had included all leases in writing.
The law, therefore, is not obnoxious to the objection of impairing the obligation of the contract. *Page 305 
The agreement of the parties embraced in its provisions a legal remedy for the recovery of a rent, that of distress. To make this remedy available, the tenant covenanted that, after default in the payment, he would keep a "sufficient distress" upon the premises.
The law of 1846 deprived the landlord of the power to distrain, and the tenant of his power, consequently, to comply with his agreement. But it provided a new remedy, in cases where a right of reëntry was reserved, to enforce the collection of the debt due the landlord. This was an ordinary and proper exercise of legislative power, unless individuals by contract can perpetuate a legal remedy in spite of the legislature, which is absurd. No objections have been made, to my knowledge, to the constitutionality of the act authorizing summary proceeding to recover the possession of land, and yet the 2d subd. of the 28th section allows the removal of the tenant for the non-payment of rent where he shall have taken the benefit of an insolvent law. (2 R.S., 513, § 28, subs. 2 and 3.)
The right thus given to the landlord to regain possession was independent of the contract, and so is the remedy in the present case.
The judgment of the supreme court should be affirmed.