Selden, J.
In the two cases of Van Rensselaer v. Snyder (13 N. Y., 299), and Van Rensselaer v. Ball (19 id., 100), all the objections which are urged against the recovery in this case, on facts in all material respects the same as those which are here presented, were considered and held insufficient to prevent a recovery. But in the case of Van Rensselaer v. Ball, the objections that the right of re-entry for condition broken was not assignable, and that no reversion remained in the plaintiff’s devisor after his conveyance, and consequently the plaintiff had no estate in the premises claimed, were answered by refer-' ence to the statute, ch. 68 of the Laws of 1805, by which all the provisions of the act of 1788, entitled “ an act to enable grantees of reversions to take advantage of the conditions to be performed by lessees,” and the remedies thereby given, were extended as well to grants or leases in fee, reserving rents, as to leases for life and years. Without the aid of that act it was assumed that the action could not be maintained, for the reason that the provisions of the act of 1788 only extended to persons entitled to reversions, and that at common law a right of entry for condition broken was not-assignable. Since that decision was pronounced, the act of 1805 has been repealed by the legislature so far 'as it applied to deeds of conveyance in fee made before the 9th day of April, 1805. (Laws of 1860, ch. 396.)
■ The objection to the constitutionality of this act as applied to cases like the present, has already been overruled by this court and as that act became a law prior to the time of the trial of the present action, the rulings of the judge can gain no support from the act of 1805. The absence of the provisions of that act, however, is fully supplied, so far as those provisions related to the questions under consideration in this case, by the third section of ch. 274 of the Laws of 1846. The first *578 section of that act abolishes distress for rent. The second section repeals several sections of the Revised Statutes giving, landlords, to a certain extent, priority of claim for the payment of rent, over the lien of executions levied upon goods of tenants on demised premises. The third section is as follows:
“ § 3. Whenever the right of re-entry is reserved and given to a grantor or lessor, in any grant or lease, in default of a sufficiency of goods and chattels whereon to distrain for the satisfaction of any rent due, such re-entry may be made at any time after default in the payment of such rent, provided fifteen days’ previous notice of such intention to re-enter, in writing, be given by such grantor or lessor, or his heirs or. assigns, to the grantee or lessee, his heirs, executors, administrators or assigns, notwithstanding there may be a sufficiency of goods" and chattels on the lands granted or demised for the satisfaction thereof. The said notice may be served personally on such grantee or lessee, or by leaving it at his dwelling house on the premises.” (3 R. S., 5th ed., 830, § 10.)
This statute, in the cases to which it applies (and it is directly applicable to this case), accomplishes two objects. 1. It substitutes the notice of 15 days in the place of evidence that there was no sufficient distress on the demised or granted premises to pay the rent, and makes such notice equivalent, in giving a right of entry, to such evidence. (Van Rensselaer v. Snyder, supra.) 2. It recognizes the assignable quality of the condition of re-entry, and secures to the assignee the same rights in that respect which were possessed by the assignor to whom the right was originally reserved. The question, therefore; is the same as it would be if the original grantor of the premises, to whom the rent was reserved, were himself plaintiff in this action. If he were the plaintiff, and depended upon the act of 1846 alone, although he would be excused (having given the 15 days’ notice) from showing the want of a sufficient distress upon the premises, he would still be required to show a demand of the rent with all the technical precision which was required by the common law to effect a forfeiture of the tenant’s estate. But the Revised Statutes have relieved *579 the landlord from the necessity of making such demand where a half year’s rent or more is in arrear, making the service of a declaration in ejectment to stand instead of such demand (2 R. S., p. 505, § 1; vol. 3, 5th ed., p. 829, § 30); and this provision has been held applicable as well to grants in fee reserving rent as to leases for life or years. (Van Rensselaer v. Snyder, supra.)
The plaintiff in this case proved all the facts which are required to be proved under these two statutes, to justify a recovery, if ejectment, or an action in the nature of ejectment, is a proper remedy to gain possession of lands, without previous entry, on breach of condition for re-entry un default in pay. ment of rent. No entry is necessary to maintain the action in any case where the immediate right of possession exists in the plaintiff. (2 R. S., p. 303, § 3; p. 306, § 7; p. 505, § 30; 4 Seld., 118.) The statute introduced no new rule on this subject (Roscoe on Real Actions, 497; 3 Co. Litt., Thomas’ ed., 15 note I). The cases of Van Rensselaer v. Snyder and Van Rensselaer v. Ball are in effect decisive of the present action. The only distinction between them arises from the partial repeal of the act of 1805 since those actions were tried, the place of which, so far as relates to the questions arising here, is perfectly supplied by the act of 1846, which still remains in force. The objections that the plaintiff has no reversion, and that a condition of re-entry can only operate by putting an end to an estate, and cannot give an estate to a stranger to the title, would have been no answer to the action even at common law. It was decided by the unanimous opinion of the judges of the King’s Bench, in the case of Jemmot v. Cooly, which was three times argued, that the grantee of a rent charge in fee, without interest in the land beyond that given to him by such - grant, could maintain ejectment after default in payment of the rent. In the opinion, Kelynge, Twysden and Wyndham, Js., are reported to have said that “ the power of entry is an inheritance and descends to the heir.” (1 Lev., 170.) The case is also reported in T. Ray., 135, 158; 1 Saund., 112; 1 Sid., 223, 262, 344. In that case, the grantee of the rent charge *580 had entered and made a lease to the plaintiff in the ejectment, but, as has been shown above, entry was not necessary. The right of entry must exist before a lawful entry can be made, and that right is all which is required to maintain the action. The only statutory aid which the plaintiff in the present case required was, that his rights as assignee of the right of entry should be recognized (2 Seld., 506, 507), which was done by the act of 1816. The judgment should be affirmed.
Weight and Rosekeans, Js., took no part in the decision; all the other judges, concurring,
Judgment affirmed.