## HENRY R. HOSFORD, RESPONDENT, *v.* BENJAMIN BALLARD, APPELLANT.

### *Ejectment—Lease—Breach—Forfeiture.*

In an action of ejectment brought to recover the possession of lands held by the Defendant under a grant in fee reserving rent, proof of a conveyance forty years before the commencement of the suit, to one from whom the Plaintiff derives title, proof of her grant reserving rent, and proof of the payment of rent to her heir-at-law, and subsequent grantees by the successive tenants, including the Defendant, sufficiently establish the title of the original grantee as against the tenants in possession.

Where a grant in fee reserving rent contains the express condition that if the rent shall be unpaid at the time appointed for the payment thereof, then the grant and the estate demised are to be void, determine and cease, and thereupon it shall be lawful for the grantor, his heirs and assigns, to re-enter, &c., it is not necessary for the Plaintiff in the ejectment brought for a breach of such condition to prove a demand of the rent.

The common law rule requiring such demand, on the premises, on the day, and for the precise amount, is abrogated by the statute which makes the commencement of the action of ejectment stand in place of such demand; and this statute applies as well to a grant in fee reserving rent as to a lease for years or other term less than a fee.

The statute of 1846, requiring fifteen days' notice of an intention to re-enter, does not apply to a grant in which the right to re-enter arises on default of payment by the tenant, but only where such right depends on the sufficiency of goods whereon to distrain.

APPEAL from a judgment of the Supreme Court in the Third District, affirming the judgment rendered for the Plaintiff at Special Term, on a verdict rendered in pursuance of an express instruction by the Judge to the jury, directing them to find for the Plaintiff.

The action is brought to recover the possession of certain land in the town of Halcott, in the county of Greene, being lot No. 16, in lot No. 36, in lot No. 20, in the Hardenburgh patent, claimed in fee by the Plaintiff, by reason of the breach of the condition of a grant or lease thereof in fee by George Stephenson and Jane his wife, bearing date July 10th, 1822, to Tenent Peck, under whom the Defendant held, in which there was reserved to Stephenson

and his wife, during their joint lives, and then to the said Jane and her heirs and assigns, on the first day of May, annually, thereafter, the yearly rent of $13.50, "provided, always, and these presents are on these conditions, that if the said yearly rent, or any part of it, shall be unpaid at the time above appointed for the payment thereof, or if the said party of the second part does not take possession and improve," etc., or if he leave the possession for six months, etc., or if he cut any wood, or timber, etc., and shall not observe the other agreements therein, etc., "then, and in any or either of these cases, these presents, and the estate hereby demised, are to be void, determine and cease, and thereupon it shall be lawful for the parties aforesaid of the first part, their heirs and assigns, into and upon the said premises to reenter, and the same to have again, retain, re-possess, and enjoy as in their first and former estate."

A deed of the premises by a Master in Chancery, dated in 1822, to Jane Sterling, was put in evidence; proof was given of her marriage to George Stephenson; of her death in 1829; of a conveyance of the premises by Elizabeth, her only child, to Henry Hosford, and by him to his daughter Jane Peck, and by her to the Plaintiff, her brother; also, proof of the occupation of the premises by the Defendant Ballard, the payment of rents, from 1829 onward, to Elizabeth, heir-at-law of Mrs. Sterling, to Henry Hosford, her grantee, and to his grantee, Jane Peck, and down to and including May 1st, 1859; that the rent due May 1st, 1860, was not, and has not been paid; and that this action was commenced in August, 1860.

The Court directed a verdict for the Plaintiff, upon which judgment was entered, and affirmed in General Term.

The Defendant appealed to this Court.

*A. Bingham* for the Appellant.

*S. Hand* and *John H. Reynolds* for the Respondent.

WOODRUFF, J.—I find but two questions in this case which were not raised and decided in Van Rensselaer *v.* Barringer, heard at the same term and now decided.

First. Was the title of Jane Sterling, prior to her conveyance to Tenent Peck, sufficiently shown?

Second. Was the Plaintiff entitled to recover without proof of a demand of the rent which became due on the 1st of May, 1860?

On the first question it must suffice to say, that proof of a conveyance to Jane Sterling forty years before the commencement of the action, and proof of the payment of the rent, reserved in her grant, to her heir-at-law and her grantees, from 1829 to 1859 (thirty years), by the tenants of the premises, was evidence enough of her title as against the Defendant, by whom the said rents were paid for many years.

Without pausing to inquire whether, as against the Defendant, these facts were conclusive, they certainly were primâ facie evidence, and being uncontradicted, they subject the Defendant to all the legal consequences resulting from the grant by Jane Sterling, and the breach of the condition thereof, by the non-payment of the rent due May 1st, 1860.

Second. Was the Plaintiff entitled to recover without proving a demand of the rent?

The condition in the grant in question is absolute and unqualified, that if the said yearly rent shall be unpaid at the time appointed for the payment thereof, " these presents, and the estate hereby demised, are to be void, determine and cease, and thereupon it shall be lawful for the parties aforesaid of the first part, their heirs and assigns, into and · upon the said premises to re-enter," etc.

This is a perfectly legal and valid condition, not inconsistent with the grant itself, nor with any rule of law (Van Rensselaer *v.* Ball, 19 N. Y. 100, and other cases cited in Van Rensselaer *v.* Barringer, at this term).

By the terms of the condition, then, the inquiry whether there was or was not a sufficient distress upon the premises, is wholly immaterial to the Plaintiff's right.

The breach of the condition consists solely in the non-payment of rent, and by the non-payment of the rent the condition is completely broken. However many goods were upon the premises,

the condition was broken; and if there were none, such condition was no more broken.

In the pursuit of his remedy, the Plaintiff might be affected by the inquiry whether there was a sufficient distress. But that the condition upon which, by an express and valid agreement, the right of re-entry would accrue, was broken by the mere neglect to pay the rent, is clear.

For such a breach can the Plaintiff maintain ejectment and recover possession?

It is objected that he cannot without a previous demand, made in strict conformity with the common law rule, on the day, on the premises, and for the precise sum due.

For the purposes of this case, let it be conceded that such is the rule at the common law, and that even the express words of the condition here leave the common law rule to operate; what is the result?

Although the right to distrain for the rent is not given, in terms, by the instrument, the right nevertheless existed.

There might, but for our statute abolishing distress for rent, be a distress for rent reserved on a conveyance in fee reserving rent. From the time of the statute of 4th George II., chapter 28, (A.D. 1731), this was true both of a rent-seck and a rent-charge.

And our Revised Statutes (Part II., chap. 1, tit. 4, § 18) provided unqualifiedly for all cases, viz. : "When any certain services or certain rent reserved out of any lands or tenements shall not be paid or rendered when due, the person entitled thereto may distrain for the same."

The grantor and his heirs had therefore an alternative.

They could proceed, as at the common law, by a strict demand of the rent, and re-entry for condition broken; or they might distrain for rent in arrear.

To this condition of their rights the statute, 4th Geo. II., ch. 28, § 2, in substance re-enacted in this State (1 K. & R. 134, § 23, and 1 Rev. Laws of 1813, 440 ; and again, 2 Rev. Statutes, Pt. III., ch. 8, tit. 9, art. 2, § 30, p. 505), for the express purpose of saving the necessity of a previous demand and formal re-entry, added this

further provision—that if no sufficient distress could be found on the premises to satisfy the rent, the landlord, if he has by law a subsisting right of re-entry for the non-payment of rent, may bring ejectment, and the service of the declaration in ejectment' shall be deemed and stand instead of a demand of the rent in arrear, and of a re-entry on the demised premises.

If this statute is applicable to the Plaintiff, there is an end of the discussion. He has the right of re-entry, and as fully settled in Van Rensselaer *v.* Snyder, in this Court (13 N. Y. 299), the abrogation of the right of distress in 1846 made it unqualifiedly and inevitably true that in May, 1860, no sufficient distress could be found on the premises to satisfy the rent.

And it will follow that this action was properly brought; that it stands in place of demand of re-entry, and was properly sustained.

It is argued that this statute was not applicable to the Plaintiff; that he is not a landlord, and the Defendant was not a tenant; that the statute does not apply to grants in fee reserving rent.

This is an erroneous restriction of the meaning of the terms "landlord" and "tenant." One who holds land by any kind of title, whether for years, for life, or in fee, is tenant, and he of whom land is held subject to the rendering or payment of rent or service, is landlord.

The cases which hold that, since the act of 1787 concerning tenures, no feudal tenure can be created in this State, do not require that a statute so highly remedial should be restricted in its application to leases for a term or for life, when every evil it was intended to remedy called for its application wherever rent was reserved and the right of distress and of re-entry existed.

In Van Rensselaer *v.* Ball (19 N. Y. 107), Denio, J., on this point, says: "The inconvenience which the statutes making a declaration in ejectment stand in the place of a strict demand were intended to remedy, was the great particularity and nicety attending this demand at common law; and this was precisely as applicable to rents arising upon grants in fee as upon leases for life or years. I do not, therefore, see any reason, in the nature of the case, or in the language of the statutes, for confining this

remedy by ejectment to cases of rent-service; and I am of opinion that it is applicable to all cases of non-payment of rent where there was a right to re-enter at common law. This conclusion is confirmed by the consideration that actions of ejectment for non-payment of rents of this kind, have been frequently under discusion in the Courts of this State, and that it has been uniformly assumed that a strict ·demand was unnecessary, if the Plaintiff could show that there was no sufficient distress (Jackson *v.* Collins, 11 Johns. 1; Van Rensselaer *v.* Jewett, 5 Denio, 121; The same *v.* Hayes, 5 id. 477; The same *v.* Jewett, 2 Comst. 141; The same *v.* Snyder, 3 Kern. 299)." See also opinion of Selden, J., in Van Rensselaer *v.* Slingerland (26 N. Y., at p. 587).

The statute of 1846, which provided that fifteen days' previous notice in writing of an intention to re-enter be given in certain cases, is not in conflict with this view.

That statute is, in terms, applicable to a case in which the right of re-entry is, by the grant or lease itself, made to depend upon the default of a sufficiency of goods whereon to distrain, and not where the right of re-entry is given by the lease or grant in default of payment of the rent when it becomes due.

Thus, when the *right of re-entry* is *reserved* and *given* to a grantor or lessor in any grant or lease, in *default* of a *sufficiency of goods and chattels* whereon to distrain for the satisfaction of any rent due, such re-entry may be made at any time after default in the payment of such rent, provided fifteen days' notice be given, etc.

Obviously, this does not describe the cases in which the right of re-entry is reserved and given on default of payment, without any regard to the question whether there are goods and chattels on the premises or not (Keeler *v.* Davis, 5 Duer, 507).

Distress for rent being abrogated, the fifteen days' notice was substituted for a distress, or a deficiency of goods whereon to distrain, in all cases in which, according to the agreement, a distress was the remedy prescribed for the collection of the unpaid rent.

The judgment should be affirmed.

All affirm.                              JOEL TIFFANY,
                                              State Reporter.