## ROBERT C. MARTIN, APPELLANT, *v.* MARIA ANN RECTOR, RESPONDENT.

*Ejectment — when the fifteen days' notice required by section* 1505 *of the Code of Civil Procedure must be given.*

This action of ejectment was brought by the plaintiff, the assignee of two several instruments, known as Van Rensselaer leases, each of which contained a covenant by the lessee to pay the rent, and a provision authorizing the lessor to distrain in case it should be unpaid, and also conditions, by one of which it was provided " that if it should at any time happen that no sufficient distress can be found upon the premises to satisfy such rent due and in arrear as aforesaid, or if either of the covenants and conditions hereinbefore contained " should not be kept and performed, then the said Van Rensselaer, his heirs and assigns, might re-enter. On the trial the plaintiff was nonsuited because of his failure to allege and prove the giving of the fifteen days' notice required by section 1505 of the Code of Civil Procedure.

*Held,* that the ruling was sustained by the decision of the Court of Appeals in *Van Rensselaer* v. *Snyder* (13 N. Y., 299); *Same* v. *Ball* (19 id., 100); *Same* v. *Slingerland* (26 id., 580); *Hosford* v. *Ballard* (39 id., 147), and that the question was not open for discussion in this court. (LANDON, J., dissenting.)

APPEAL from a judgment dismissing the complaint, entered in Rensselaer county upon the report of a referee.

The action was brought by the plaintiff, the assignee and owner of two of the leases in fee, known as the Van Rensselaer leases. Each lease contained covenants by the lessee to pay the rent and a provision authorizing the lessor and his heirs and assigns to distrain

for any rent unpaid, and also numerous conditions, by one of which it was provided " that if it should at any time happen that no sufficient distress can be found upon the premises to satisfy such rent due and in arrear as aforesaid, or if either of the covenants and conditions hereinbefore contained, on the part of the said parties of the second part, their heirs and assigns, to be performed, fulfilled and kept, shall not be performed, fulfilled and kept, or shall be broken, that then, and in each and every such case, from thenceforth, and at all times thereafter, it shall and may be lawful to and for the said Stephen Van Rensselaer, his heirs and assigns, or any of them," to re-enter upon the said premises.

*Rosendale & Hessberg*, for the appellant.

*Geo. W. Miller*, for the respondent.

BOCKES, J.:

The action was ejectment by re-entry for the non-payment of rent. On the trial before a referee, the plaintiff was nonsuited and the complaint dismissed, because of the omission to allege and prove the giving of the fifteen days' notice provided for by section 1505 of the Code of Civil Procedure, which superseded section 3 of chapter 274, Session Laws of 1846.

This ruling seems well sustained by several decisions in the Court of Appeals, both directly and inferentially. (*Van Rensselaer* v. *Snyder*, 13 N. Y., 299; *Same* v. *Ball*, 19 id., 100, on page 108; *Same* v. *Slingerland*, 26 id., 580; *Hosford* v. *Ballard*, 39 id., 147, on page 152.) The provisions in the leases here counted on, giving the right of re-entry, are, as will be seen on examination and comparison, precisely the same as in the three cases first above cited. Those cases are, as is also *Hosford* v. *Ballard* (*supra*), to the effect that on a lease conditioned as are these, the right of re-entry for non-payment of rent is made to depend on the service of the fifteen days' notice before suit. We do not deem this question open here to discussion.

It should be noted that when the right to re-enter arises on default of payment of rent, and is not made to depend on a sufficiency of goods, whereon to distrain, the fifteen days' notice is unnecessary. (*Hosford* v. *Ballard*, *supra*; *Cruger* v. *McLaury*,

41 N. Y., 219.) Such, however, according to the decisions first above cited, is not this case. Here, as is there held, the right to re-enter was given in case no sufficient distress could be found upon the premises to satisy the rent in arrear. The right to re-enter did not arise simply on an omission to pay the rent reserved and agreed to be paid. It is true the provision following that giving the right to re-enter for failure of distress, also in terms gives such right, "if either of the covenants and conditions hereinbefore contained * * * shall not be performed, fulfilled and kept, or shall be broken," one of which covenants was for the payment of rent at the time specified; and it is urged by the appellant's counsel that, under this provision, the right of re-entry is preserved to the landlord, independent of the other right given him in case of failure of distress. This contention seems to be sustained by the remarks of JEWETT, Ch. J., in *Van Rensselaer* v. *Jewett* (2 N. Y., 141, on page 146). Whether these remarks were or were not concurred in by the other members of the court is not made directly to appear, although such would be the inference probably, and they would doubtless be controlling in this court, in the absence of any later case in the Court of Appeals holding them unsound. But the later cases, particularly the first three above cited, wherein the provisions of the leases there considered were the same as here, hold, as it seems, to a different construction of the proviso, and assert the rule to be that, under the provisions contained in the lease here counted on, the fifteen days' notice is made essential to the right of action in ejectment for non-payment of rent. We are of the opinion that the question here presented is determined favorably to the defendant by the cases cited.

The judgment should be affirmed, with costs.

LEARNED, P. J., concurred.

LANDON, J. (dissenting):

I cannot concur. By this lease the landlord had the right to re-enter upon default in payment of rent, without any reference to the question whether there was a sufficiency of goods whereof distress could be made. Section 1505 of the Code of Civil Procedure, requiring fifteen days' notice, applies to a lease in which the right of re-entry is given in default of sufficient distress, but does

not apply where the right to re-enter depends upon the mere non-payment of rent. (*Hosford* v. *Ballard*, 39 N. Y., 147; *Cruger* v. *McLaury*, 41 id., 219.

Now, in addition to the absolute right to re-enter for non-payment of rent, this lease also contains the right to re-enter "if no sufficient distress can be found upon the premises." The plaintiff does not count upon this covenant, and if he did, he should not fail, if, alleging two sufficient causes, he made one good. It seems unsound to hold that the plaintiff cannot maintain the first covenant of his lease, because he has not attempted to maintain the second; the two covenants being independent. *Van Rensselaer* v. *Jewett* (2 N. Y., 141) supports this position. The lease there was precisely like this. Subsequent cases in which the point did not arise are cited as authority for the contrary doctrine. Every judge knows how difficult it is to limit his language to the precise point he needs to decide, and the little consideration his language deserves when it covers new points which he did not have to consider. In *Snyder's Case* (13 N. Y., 299); *Ball's Case* (19 id,. 100); and *Slingerland's Case* (26 id., 580); the fifteen days notice was given. Hence there was no need to consider the effect of not giving it, and hence they do not detract from the authority of *Van Rensselaer* v. *Jewett* (*supra*).

Judgment affirmed with costs.