People ex rel. Brixton Operating Corp. *v.* La Fetra. 523

App. Div.] First Department, December, 1920.

---

The People of the State of New York ex rel. Brixton Operating Corporation, Appellant, *v.* Edward B. La Fetra, a Justice of the City Court of the City of New York, Respondent.

First Department, December 24, 1920.

**Landlord and tenant — constitutional law — Laws of 1920, chapter 942, suspending remedy by summary proceedings, is constitutional.**

Chapter 942 of the Laws of 1920, adding subdivision 1a to section 2231 of the Code of Civil Procedure, which forbids the institution of summary proceedings to recover the possession of real property except in certain instances stated therein, which do not apply to the petitioner, is constitutional as a valid exercise of the police power.

The petitioner was not entitled to the precise remedy that was afforded at the time the lease was executed and the Legislature has the power to modify or withdraw a statutory remedy so long as the rights secured by contracts are not substantially impaired and some adequate remedy remains.

The statute is not unconstitutional as depriving the petitioner of the equal protection of the laws since the remedy of ejectment still remains which will afford him a complete and adequate remedy, though perhaps not so speedy a one.

APPEAL by the relator, Brixton Operating Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of December, 1920, denying relator's motion for a peremptory writ of mandamus.

*George L. Ingraham* of counsel [*John M. Stoddard* with him on the brief], for the appellant.

*John F. O'Brien* of counsel [*Russell Lord Tarbox* with him on the brief], for the respondent.

*Robert P. Beyer, Deputy Attorney-General, William D. Guthrie* and *Julius Henry Cohen, Special Deputy Attorneys-General,* for the Attorney-General, and *Elmer G. Sammis* and *Bernard Hershkopf* for the Joint Legislative Committee on Housing, as *amici curiæ.*

LAUGHLIN, J.:

Appellant owns the apartment house known as 120 West Seventieth street, borough of Manhattan, city of New York, and on the 14th of February, 1917, it leased an apartment therein to a tenant for a term commencing October 1, 1917, and ending on the 30th of September, 1920, by a lease in writing in and by which the tenant covenanted that at the expiration of the term he would quit and surrender the premises. At the expiration of the term the tenant refused to vacate and the appellant duly applied to the defendant, who is a justice of the City Court, by petition, pursuant to the provisions of sections 2234 and 2235 of the Code of Civil Procedure, for the institution of a summary proceeding for the removal of the tenant under subdivision 1 of section 2231 of said Code. Defendant refused to entertain the application on the ground that the proposed proceeding was not authorized by the provisions of chapter 942 of the Laws of 1920 (adding to Code Civ. Proc. § 2231, subd. 1a), which forbids the institution of such proceeding excepting in certain cases therein specified and

People ex rel. Brixton Operating Corp. *v.* La Fetra.  525

App. Div.]        First Department, December, 1920.

that the petition did not bring appellant's application within one of the exceptions. The provisions of said chapter are considered in our opinion in *People ex rel. H. D. H. Realty Corp. v. Murphy* (194 App. Div. 530), decided herewith, and need not be restated. It is sufficient to say that the Legislature, excepting in specified cases of which this is not one, thereby, for the period specified in the act, withdrew from all courts jurisdiction over, and from all suitors, the remedy to remove a tenant and to recover possession of real property by summary proceedings. Appellant contends that inasmuch as the remedy by summary proceeding was given when the lease was made, it was not competent for the Legislature to withdraw it as to existing contracts. In *People ex rel. H. D. H. Realty. Corp. v. Murphy* (*supra*) we are expressing the opinion that the Legislature could withdraw or modify this remedy at will provided it left another adequate remedy for recovering the possession of the property. The learned counsel for the appellant argues the point somewhat more at length than it was argued in the other case and cites additional authorities, but he cites none which we regard as entitling a party to a contract to *the precise remedy* for its violation or enforcement that was afforded at the time the contract was made, and we understand the rule now. to be that a *statutory* remedy may be modified or withdrawn and that any remedy may be modified or changed so long as rights secured by contracts are not substantially impaired and some adequate remedy remains. (*Van Rensselaer v. Snyder,* 13 N. Y. 299; *Conkey v. Hart,* 14 id. 22; *Edwards v. Kearzey,* 96 U. S. 595; *Gilman v. Tucker,* 128 N. Y. 190; *Laird v. Carton,* 196 id. 169; *Lazarus v. Metropolitan Elevated R. Co.,* 145 id. 581; *Story v. Furman,* 25 id. 214; *Fourth Nat. Bank v. Francklyn,* 120 U. S. 747; *Pittsburg Steel Co. v. Baltimore Eq. Soc.,* 226 id. 455; *McGahey v. Virginia,* 135 id. 662; *Henley v. Myers,* 215 id. 373; Cooley Const. Lim. [7th ed.] 411. See, also, *Southwick v. Southwick,* 49 N. Y. 510.) The authority, however, of the Legislature to change the remedy does not authorize the substitution of a remedy by which a party may not recover what he was entitled to recover under the contract and the laws existing when it was made. This is well illustrated by *McCracken v. Hayward* (43 U. S. [2 How.] 608). There

the law at the time of the making of a contract and of recovery of a judgment thereon authorized a sale of real or personal property levied on under an execution thereon regardless of the amount bid therefor. Thereafter the law was changed by retroactive legislation forbidding a sale under such a levy unless a bid for two-thirds of the value of the property as ascertained by the officer making the levy was.made. The court held that the plaintiff was entitled to a sale of the property for what it would bring on the ground that he acquired that right under the law existing when the contract was made, and that if the amended law was sustained as to him, he might be deprived altogether of having his claim paid. In so deciding the court said:

" In placing the obligation of contracts under the protection of the Constitution, its framers looked to the essentials of the contract more than to the forms and modes of proceeding by which it was to be carried into execution; annulling all State legislation which impaired the obligation, it was left to the States to prescribe and shape the remedy to enforce it. The obligation of a contract consists in its binding force on the party who makes it. This depends on the laws in existence when it is made; these are necessarily referred to in all contracts, and forming a part of them as the measure of the obligation to perform them by the one party, and the right acquired by the other. There can be no other standard by which to ascertain the extent of either, than that which the terms of the contract indicate, according to their settled legal meaning; when it becomes consummated, the law defines the duty and the right, compels one party to perform the thing contracted for, and gives the other a right to enforce the performance by the remedies then in force. If any subsequent law affect to diminish the duty, or to impair the right, it necessarily bears on the obligation of the contract, in favor of one party, to the injury of the other; hence any law, which in its operation amounts to a. denial or obstruction of the rights accruing by a contract, though professing to act only on the remedy, is directly obnoxious to the prohibition of the Constitution. * * * The obligation of the contract between the parties, in this case, was to perform the promises and undertakings contained therein; the right of

People ex rel. Brixton Operating Corp. *v.* La Fetra. 527

App. Div.]     First Department, December, 1920.

the plaintiff was to damages for the breach thereof, to bring suit and obtain a judgment, to take out and prosecute an execution against the defendant till the judgment was satisfied, pursuant to the existing laws of Illinois. These laws giving these rights were as perfectly binding on the defendant, and as much a part of the contract, as if they had been set forth in its stipulations in the very words of the law relating to judgments and executions. If the defendant had made such an agreement as to authorize a sale of his property, which should be levied on by the sheriff, for such price as should be bid for it at a fair public sale on reasonable notice, it would have conferred a right on the plaintiff, which the Constitution made inviolable; and it can make no difference whether such right is conferred by the terms or law of the contract. Any subsequent law which denies, obstructs or impairs this right, by superadding a condition that there shall be no sale for any sum less than the value of the property levied on, to be ascertained by appraisement, or any other mode of valuation than a public sale, affects the obligation of the contract, as much in the one case, as the other, for it can be enforced only by a sale of the defendant's property, and the prevention of such sale is the denial of a right. The same power in a State Legislature may be carried to any extent, if it exists at all; it may prohibit a sale for less than the whole appraised value, or for three-fourths, or nine-tenths, as well as for two-thirds, for if the power can be exercised to any extent, its exercise must be a matter of uncontrollable discretion, in passing laws relating to the remedy which are regardless of the effect on the right of the plaintiff. * * * "

Although broad language was there used which might indicate that a party was entitled to the particular remedy existing at the time of contracting, it must be read in the light of the prior admission in the opinion that it was left to the States to prescribe and shape the remedy. That opinion and like doctrine in other cases have not been regarded as limiting the authority of the Legislature with respect to changing statutory remedies; and in respect to such remedies, at least, the general rule is that contracts are deemed to have been made subject to legislation changing the remedy for the enforcement thereof. (*Van Rensselaer* v. *Snyder, supra; Conkey* v.

528 People ex rel. Brixton Operating Corp. *v.* La Fetra.

First Department, December, 1920.        [Vol. 194.

*Hart,* 14 N. Y. 22; *Guild* v. *Rogers,* 8 Barb. 502; *Stocking* v. *Hunt,* 3 Den. 274; *Laird* v. *Carton, supra.*) In *Conkey* v. *Hart* (*supra*) the statute abolishing distress for rent was again sustained as applicable to existing leases, and it was held that although it was provided in the lease that the landlord should have the remedy then existing to seize for distress in the event of the non-payment of rent, still it was competent for the Legislature to withdraw that remedy, and that it did not impair the obligation of the contract since the landlord has a remedy by action for the rent. In *Van Rensselaer* v. *Snyder* (*supra*), which was decided long after *McCracken* v. *Hayward* (*supra*), a statute abolishing distress for rent and affording the landlord a remedy by ejectment for regaining possession of his property was sustained as a valid substitution of remedies under leases theretofore made. There a remedy by distress for the payment of the rent was reserved by the express terms of the lease, and that remedy was taken away, and instead thereof a new statutory remedy in the nature of ejectment to enable the landlord to regain possession of the property for failure to pay rent was afforded. The court held that the statute rendered the performance of the stipulated condition by which the rent was to be satisfied by distress impossible, but that this did not constitute an unauthorized change in the contract, and that the tenant's right to have the rent paid by distress instead of having his estate terminated was subject to a legislative change of the remedy by which, in case of non-payment of rent, a statutory right of re-entry was conferred upon the landlord.

In *Laird* v. *Carton* (*supra*) a statute authorizing an execution against wages was sustained as applicable to judgments obtained before its enactment, although at the time the contract was made and the judgment recovered, no such liability to have execution issued against one's unpaid and unearned wages existed.

The point that no adequate remedy remains will be met by our decision in *Guttag* v. *Shatzkin* (194 App. Div. 509), decided herewith, wherein we are deciding that the remedy by ejectment remains. The claim that taking away this remedy deprives the plaintiff of the equal protection of the laws (U. S. Const. 14th Amendt. § 1) is also answered by that

decision, which leaves open to all the remedy by ejectment. An action in ejectment will afford the plaintiff a complete adequate remedy for regaining possession of its property. The only respect in which it differs from a summary proceeding· is that the latter is a more summary and ordinarily· a more speedy remedy, but that difference is not sufficient to warrant a court in holding that a withdrawal of the remedy by summary proceedings unlawfully impairs the value of the contract. It may be and doubtless was the intention of the Legislature to delay landlords in obtaining possession of their property, and this is evident from the fact that on the same day this statute was enacted it attempted to withdraw for the· period specified the right to maintain an action of ejectment (Laws of 1920, chap. 947, adding to Code Civ. Proc. § 1531a), but that was deemed necessary to meet the emergency and was not the primary object of the Legislature for, as stated in our opinion in *Levy Leasing Co., Inc.,* v. *Siegel* (194 App. Div. 482), decided herewith, an emergency existed which warranted the Legislature in exercising all of its police powers. In the circumstances, I think in view of the rule that a statute may not be declared void unless there can be no reasonable doubt that it is unconstitutional, the court would not be warranted in annulling this act of the Legislature merely on the ground that thereby the plaintiff was relegated to an adequate but less summary and speedy and somewhat more expensive remedy than was afforded by law when the contract was made. The remedy was withdrawn before the plaintiff's right to possession accrued and I think it was then required to pursue its remedy by ejectment.

It follows that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, MERRELL and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.