## Farrow *vs* Barker *et al.*

CHANCERY.

ERROR TO THE MASON CIRCUIT.

*Chancery.   Attachment.   Parties.   Decrees.*

Case 63.

JUDGE EWING delivered the opinion of the Court.

*October 21.*

THE proof that Edmund B. Barker, one of the sureties of the administrator, had stated, in substance, that he had purchased land in Missouri and intended to go there in the fall to live, and persuaded an acquaintance to go with him and settle in his neighborhood, proved by one witness and corroborated by another, connected with the fact, that he did go away in the fall, and was absent at the time this suit was instituted against him as a non-resident, and did not return till the following month, was sufficient to justify the suit against him as a non-resident, and to sustain the attachment awarded; and the more especially as it does not appear that he has since taken up his residence in Kentucky.  But the debt should be first made out of the principal, if it can be, rather than out of the surety.

*Proof that the defendant declared his intention of removing out of the State, and invited another to go likewise, and become his neighbor; that he did leave the State—sufficient to authorize the attachment, tho' he returned in a month after 'bill filed.*

We have no doubt that a Chancellor who delights to do final, full, and complete justice at once, may bring the administrator and his sureties, as well as the heirs and all other necessary parties before him, and may determine whether a *devastavit* has been committed, and render a decree to meet that state of case, and afford full redress, without leaving the complainant to prosecute another suit to attain it.

*The Chancellor may require that all proper persons be made parties, that complete justice may be done without multiplying suits.*

And if a *devastavit* be found as the means of affording full redress, in any and every contingency, a decree should, in the general, be rendered, to be levied, first of the assets in the hands of the administrator, if any, if none, then to be levied of his own estate, if any, if none, then to be levied of the estate of his sureties, if any, if none, then to be levied of the estate which descended to the heirs.   And in this case, as a *devastavit* has been clearly shown, such a decree should have been rendered,

*Where a devastavit has been committed, a decree against administrator and sureties and heirs, should in the general be rendered, to be levied first of the assets, then of the proper estate of the adm'r, then of the estate*

STEWART & Co.
*vs*
HALL *et al.*
the sureties, then
of the estate de-
scended to the
heirs, if necessa-
ry.

but for the attachment of the debt due Edmund B. Barker, one of the sureties of the administrator, in the hands of Martin & Cole, which if the complainant cannot reach, he may not be able to make his debt out of the adminis- trator, his sureties, or the heirs, by any of the forms which the execution may be made to assume. But as the ad- ministrator and the estate in his hands, if any, should be first made liable, a decree should be rendered for the debt, with direction that an execution be first issued against the administrator, to be levied of the estate in his hands, if any, if none, to be levied of his own estate, and the cause should be suspended and the attachment retained until a return shall be made, showing that the debt and costs cannot be made out of the administrator, and then if it shall not be made, a decree should be rendered against Martin & Cole for the amount, and a credit for the same allowed them, on the debt owing by them to Edmund B. Barker, the surety.

Decree reversed and cause remanded, that further pro- ceedings may be had as indicated in this opinion.

*Payne & Waller* for plaintiff: *Hord* for defendants.