CASE 16—PETITION EQUITY—JUNE 21.

# Lee vs. Waller, &c.

APPEAL FROM LEWIS CIRCUIT COURT.

Ordinarily a creditor of a decedent must first have the amount of his debt ascertained by a judgment against the personal representative, before he can proceed for a *devastavit* either against him or his surety. This is more especially the case under our statute, which requires the creditor to verify his debt in a particular manner, and prohibits him from bringing suit against the personal representative, until after a demand is made of him, accompanied with the affidavit required. To this general rule, however, there are exceptions—see 3 *B. Mon.*, 217.

A judgment creditor, who has had an execution against his debtor returned *nulla bona*, may, by suit in equity, subject to the satisfaction of his demand a debt due his debtor from the estate of a decedent, upon making the insolvent personal representative, who has received assets sufficient for the payment of debts, and the sureties in his bond, defendants, and bringing all other necessary parties before the court; in which the creditor of the decedent may be required to verify his demand in the manner prescribed by the statute, and litigate it with the personal representative, when, if he succeeds in establishing his demand, and recovers a judgment against the personal representative, to be levied of assets, which cannot be collected by execution, and a *devastavit* be proved, a joint judgment may be rendered against the personal representative and his sureties *de bonis propriis*, to be levied first of the estate of the personal representative, if any, if none, then to be levied of the estate of his sureties.

The rules of pleading require that the existence of the facts necessary to constitute the cause of action should be directly and positively averred, and not set forth merely as admissions which have been made by some other person, or even by the defendant himself.

Where the only objection specified in a demurrer to a petition is that it does not state facts sufficient to constitute a cause of action, the want of necessary parties cannot be considered on the trial of the demurrer.

See the opinion for a case in which a demurrer, upon the ground that the petition did not state facts sufficient to constitute a cause of action, was sustained, yet, as the necessary parties were not before the court, the petition was dismissed without prejudice.

WM. S. BOTTS and WM. H. CORD, for appellant, cited 3 *B. Mon.*, 217; 18 *B. Mon.*, 209; 5 *Dana*, 411; 4 *Dana*, 292; 15 *B. Mon.*, 69; 3 *Dana*, 392–3; *Rev. Stat.*, page 338, sec. 25; 3 *J. J. Mar.*, 291; 20 *Johnson*, 554; 1 *Pirtle's Digest*, 300; 1 *Code Rep., N. Y.*, 143; 5 *Sanford*, 54; 2 *Metcalfe*, 88, 285; *notes to sec.* 3, *Stanton's Code*; 13 *B. Mon.*, 466; 2 *Metcalfe*, 380; 1 *Greanleaf*, sec. 171; 9 *Dana*, 182.

Lee vs. Waller, &c.

H. Taylor, for appellees, cited 5 *Mon.*, 101; 1 *J. J. Mar.*, 184; 6 *J. J. Mar.*, 228; 18 *B. Mon.*, 209.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

The appellant having recovered a judgment at law against Wm. H. Cord, on which an execution had issued and been returned *no property found*, brought this action against Cord, and several of his debtors, to subject to the satisfaction of his judgment the money which they owed to the defendant in the execution.

The plaintiff alleged in his petition that the estate of Mary Mills, deceased, was indebted to the defendant in the execution in the sum of $186 66; that John N. Proctor was her executor, and that the appellee, Thomas H. Waller, was his security in his official bond. He also alleged that the executor had failed to pay the aforesaid sum, which he should have done; that he was insolvent, and consequently his surety had become liable for the debt; he therefore made him a defendant, and prayed judgment against him for the amount thereof.

Waller demurred to the petition, on the ground that it did not state facts sufficient to constitute a cause of action against him. The demurrer was sustained, and the petition dismissed as to him, without prejudice. From that judgment the plaintiff has appealed.

The question presented for consideration is, can the surety of an executor or administrator be held liable for a *devastavit* in a case like this, before a judgment has been obtained against his principal in his fiduciary character, ascertaining the amount of the debt.

It was at one time supposed that it was not only necessary, before proceeding on the bond against the surety, to have a judgment for the debt against his principal, to be levied of the assets in his hands, with a return of *nulla bona* on an execution which had been issued thereon, but that it was also necessary to obtain another judgment against him, to be made out of his own estate, for the purpose of establishing a *devastavit*.

But it was decided in the case of *Hobbs and Churchill vs. Middleton*, (1 *J. J. Marshal*, 176,) that a second judgment was

not necessary, and that a creditor might maintain a suit on the bond, for a *devastavit*, either against the principal or the surety, or both of them, when his debt had been ascertained by a judgment, and the delinquency of the fiduciary established by a return of *nulla bona*.

It has been since held, that a return of *nulla bona* upon an execution, against an administrator or executor is not indispensable to charge him with a *devastavit*, but that when a judgment is rendered against him for a debt of his intestate, or his testator, it is his duty forthwith to pay it, if he have assets, without an execution thereon. (*Jeeter's adm'r vs. Durham & Willock*, 6 *J. J. Marshall ; McCalla's adm'r vs. Patterson*, &c., 18 *B. Mon.*, 207.

Ordinarily, however, a creditor must first have the amount of his debt ascertained by a judgment against the personal representative, before he can proceed for a *devastavit* either against him or his surety.

The propriety of such a requirement is obvious.  The personal representative is the proper person to contest and litigate the demand, and he cannot be considered in default for failing to pay it, until it has been ascertained by judgment.  And this is more especially the case under our statute, which requires the creditor to verify his debt in a particular manner, and prohibits him from bringing suit against the personal representative, until after a demand is made of him, accompanied with the affidavit required.

To this general rule, however, there are exceptions.  It was decided in the case of *Farrow vs. Barker*, &c. (3 *B. Monroe,* 217,) that where the administrator had received assets enough to pay all the debts of his intestate, and become insolvent, a creditor, without having obtained a judgment against him *de bonis testatoris*, might, by application to the chancellor, attach the estate of the surety, who had become a non-resident, and thus secure the payment of his debt, by bringing before the court the administrator and his sureties, and all other necessary parties.

In this case the application to the chancellor is not made by the creditor himself, but by his creditor, who having obtained

a judgment against him, which he is unable to make by execution, has a right to bring an action by equitable proceedings for the purpose of subjecting debts due to him to the satisfaction of the judgment. Now, if the estate of Mary Mills, dec'd, be indebted to the defendant in the judgment, as alleged in the petition, the plaintiff has an undoubted right to have the debt appropriated to the payment of his demand. How is this object to be accomplished? He has no other remedy than the one he has adopted. If he cannot get relief in this action, it follows that he has a right without any means for its enforcement.

Such a result is, however, easily obviated. The chancellor can do full and complete justice, and have every requisition of the law complied with, by having the executor and his sureties and all other necessary parties brought before the court. The creditor of the testator may be required to verify his demand in the manner prescribed by the statute, and litigate it with the executor. If he succeeds in establishing his demand, and recovers a judgment against the executor to be levied of assets, which cannot be collected by execution, and a *devastavit* be proved, then it would be proper to render a joint judgment against the executor and his sureties *de bonis propriis*, to be levied first of the estate of the executor, if any, if none, then to be levied of the estate of his sureties. Thus the whole matter could be settled and determined by the chancellor, in an action like the present, and the rights of all the parties be amply protected and secured.

The plaintiff did not, however, present such a case as entitled him to any relief in this action against the surety. He did not make the executor a party, nor did he allege, in direct terms, that the executor had received assets sufficient for the payment of the debts of his testatrix. He merely alleged that the executor, in an answer which he had filed in the Fleming circuit court, stated that he had received assets which exceeded the whole amount of the debts against the estate, but did not allege that such was the fact. The allegation that the executor admitted he had received assets sufficient for the payment of the debts, was not equivalent to an allegation that he

had received assets to that amount. The surety might be able to deny the latter but not the former allegation. The rules of pleading require that the existence of the facts necessary to constitute the cause of action should be directly and positively averred, and not set forth merely as admissions which have been made by some other person, or even by the defendant himself.

The executor was an indispensable party to the action, to enable the plaintiff to obtain the redress which he sought. The failure to make him a party would have been a sufficient ground of demurrer, if it had been specified therein as an objection to the petition. But as the only ground of objection to the petition specified in the demurrer was, that the petition did not state facts sufficient to constitute a cause of action, no other ground could be considered upon the trial of the demurrer. The demurrer was, however, as we have seen, properly sustained on this ground, and as the necessary parties were not before the court, it was right to dismiss the petition without prejudice; so far as it sought relief against the surety.

Wherefore, the judgment is affirmed.