### A. M. BROWN, ET AL., *v.* JOHN B. HILLSON.

**Judgment is Conclusive.**

Where the court has jurisdiction of the parties and the subject matter a judgment entered is conclusive on all the parties; such parties cannot question the correctness of the judgment.

**Set-Off.**

Where a matter is properly pleaded as a set-off, the cause should be tried without being transferred to the equity side of the docket.

**Clerical Misprision.**

If in entering up a judgment one of the creditors was not entered it was merely a clerical misprision and might be corrected on motion in the court below.

### APPEAL FROM HARDIN CIRCUIT COURT.

October 4, 1877.

OPINION BY JUDGE LINDSAY:

The judgment against Brown as executor of Geogeham was conclusive against him and his official sureties as to all the matters involved in the action in which it was rendered, and when this action was instituted on the official bond of said executor, charging a devastavit, the appellant could not question the correctness of that judgment. They could not have a retrial, in a collateral proceeding of issues once passed on and adjudicated by a court of competent jurisdiction having all the necessary parties before it. *Emmerson's Adm'r v. Herriford,* 8 Bush 229.

The matters of set-off, relied on and pleaded by Brown, presented the only issues to be tried in this cause, and to settle these issues was not necessary in transferring the cause to the equity side of the docket. Brown confessed that sufficient assets had come to his hands to pay all the debts of the testator, and attempted to excuse his default by insisting that he had made advances to the devisees under a mistake of fact as to the amount of the indebtedness, believing in good faith that he was retaining enough to pay all the creditors. This was a confession of the alleged devastavit. He chose to take the risk, when he made advances to the devisees, and he cannot delay the unpaid creditors until he recovers back the money so improperly paid out.

When the appellee offered to accept judgment for the sum not controverted the chancellor had no discretion in the matter; no defense

had been interposed, and judgment for that amount must necessarily be rendered.

If, in entering up the judgment, one of the credits conceded by the appellee was not entered, it was a clerical misprision, and can be corrected on motion in the court below, the failure to enter such credit could not involve an error of judgment. It was a mistake in entering up the judgment in accordance with the concession and offer of the successful party.

The fact that judgment was rendered against one of the defendants not served with process does not prejudice the rights of any of the appellants, and the party thereby exposed to injury is not here complaining.

Appellee had already had an execution to be levied of the assets in the hands of Brown, executor of Geogeham, returned nulla bona, and hence there was no excuse for following the exceptional rule acted on in *Farrow v. Barker,* 3 B. Mon. 217, and in *Lee v. Waller,* 3 Met. 61. In neither of these cases such a return had been had before suit on the bond of the personal representative.

Judgment *affirmed.*

*Brown & Chelf,* for appellants.

*M. H. Marriott, Montgomery,* for appellee.