# FOURTH NATIONAL BANK OF NEW YORK *v.* FRANCKLYN.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued January 14, 1887. — Decided March 21, 1887.

Where the statutes of the state which creates a corporation, making the stockholders liable for the corporate debts, provide a special remedy, the liability of a stockholder can be enforced in no other manner in a court of the United States.

Under the statutes of Rhode Island, making the stockholders of a manufacturing corporation liable for its debts until its capital stock has been paid in and a certificate thereof recorded; and originally providing that the property of stockholders might be taken on writ of attachment, or execution issued against the corporation, or the creditor might have his remedy against the stockholders by bill in equity; and since modified by enacting that all proceedings to enforce the liability of a stockholder for the debts of a corporation shall be either by suit in equity, or by action of debt on the judgment obtained against the corporation; a creditor of a Rhode Island corporation cannot bring an action at law against the executor of a stockholder in the Circuit Court of the United States in New York, without having obtained a judgment against the corporation, even if the corporation has been adjudged bankrupt.

THIS was an action at law, brought December 10, 1879, by a national bank against the executor of Edwin Hoyt, a stockholder in the Atlantic De Laine Company, to recover the amount of a debt for upwards of $100,000, due from that corporation to the plaintiff on promissory notes made and payable in December, 1873, and January, 1874.

The parties duly waived a jury, and submitted the case to a referee under a rule of court; and also agreed in writing upon "a statement of certain of the facts in this action," which defined the amount of the debt due from the corporation to the plaintiff, and the material parts of the rest of which were as follows:

The Atlantic De Laine Company was a manufacturing corporation, established in the State of Rhode Island, under a charter granted in 1851 by the General Assembly of that state, which fixed and limited its capital stock at $300,000, and by section 8 of which "the liability of the members and officers of this corporation for the debts of the company shall be fixed and limited by, and the corporation, its members and officers, shall in all respects be subject to, the provisions of an act," mentioned below. [Rhode Island Laws of May Session, 1851, pp. 33–36.]

"Fourth. In and by an act entitled 'An act in relation to manufacturing corporations,' passed at the June session of 1874 by the aforesaid general assembly of the State of Rhode Island, it was provided, among other things, as follows: 'The members of every manufacturing company that shall be hereafter incorporated shall be jointly and severally liable for all debts and contracts made and entered into by such company until the whole amount of the capital stock, fixed and limited by the charter of said company, or by vote of the company in pursuance of the charter, shall have been paid in, and a certificate thereof shall have been made, and recorded in a book kept for that purpose in the office of the city or town clerk of the city or town wherein the manufactory is established, and no longer, except as hereinafter provided.'

"It was also therein provided that 'When the stockholders in a manufacturing company shall be liable, by the provisions

of this act, to pay the debts of such company, or any part thereof, their persons and property may be taken therefor, on any writ of attachment or execution issued against the company for such debt, in the same manner as on writs and executions against them for their individual debts. The person to whom said officers or stockholders may render themselves liable as aforesaid may, instead of the proceedings aforementioned, have his remedy against said officers or stockholders by a bill in equity in the Supreme Court.' [Rhode Island Laws of June Session, 1847, pp. 30, 35.]

" The foregoing provisions were substantially continued in force by chapter 128 of the revision of the statutes of the State of Rhode Island of 1851, and by chapter 142 of the revision of said statutes of 1872, and continued to be, and at all times mentioned and set forth herein were, and still are, in full force and effect as statutes of the State of Rhode Island."

The whole amount of the capital stock of the Atlantic De Laine Company was never paid in, nor a certificate filed, as required by these provisions. Hoyt was a resident of New York, and a stockholder in that company, from its incorporation until his death in May, 1874. He left a will, under which letters testamentary were issued to the defendant in New York; but it was never proved in Rhode Island, nor were letters testamentary or of administration upon his estate ever issued there.

" Tenth. No writ of attachment or execution has ever been issued against the Atlantic De Laine Company for or on account of the claim of the plaintiff upon the aforesaid promissory notes; and no suit in equity has ever been begun in the Supreme Court of Rhode Island against any of the officers or stockholders of the Atlantic De Laine Company, founded upon the plaintiff's claim herein.

" Upon the 30th day of March, 1874, the said Atlantic De Laine Company was duly adjudicated a bankrupt by the United States District Court for the District of Rhode Island."

The referee found the facts as agreed by the parties; and, against the objection and exception of the plaintiff, admitted in evidence the reports of the cases, adjudged in the Supreme

Court of Rhode Island, of *New England Bank* v. *Stockholders of Newport Factory*, 6 R. I. 154, and *Moies* v. *Sprague*, 9 R. I. 541, as proof of the law of Rhode Island, and found the following as an additional fact:

"Twelfth. Prior to the making of the aforesaid notes, it had been judicially determined by the Supreme Court of the State of Rhode Island, that court being the highest judicial tribunal of the said state, that the remedies provided in favor of creditors of corporations therein referred to against their stockholders by said act of June Session of 1847 were exclusive of, and did not include, the remedy of an action in favor of such creditor against such stockholder."

"Upon the foregoing facts," the referee reported as a conclusion of law, that the defendant was entitled to judgment. The court confirmed his report, specially found the facts as stated by him, and gave judgment for the defendant. The plaintiff sued out this writ of error.

*Mr. Benjamin H. Bristow* (*Mr William S. Opdyke* was with him on the brief) for plaintiff in error cited: *Hawthorne* v. *Calef*, 2 Wall. 10; *Flash* v. *Conn*, 109 U. S. 371; *Cuykendall* v. *Miles*, 10 Fed. Rep. 342; *Corning* v. *McCullough*, 1 N. Y. 47;[1] *Wiles* v. *Suydam*, 64 N. Y. 173; *Mills* v. *Scott*, 99 U. S. 25; *Bank of the United States* v. *Donnally*, 8 Pet. 361, 372; *Moies* v. *Sprague*, 9 R. I. 541, 557; *Knowlton* v. *Ackley*, 8 Cush. 93; *James* v. *Atlantic De Laine Co.*, 11 Bankr. Reg. 290; *Lowry* v. *Inman*, 46 N. Y. 119; *Pollard* v. *Bailey*, 20 Wall. 520; *Penniman's Case*, 103 U. S. 714; *Erickson* v. *Nesmith*, 15 Gray, 221;[2] *Erickson* v. *Nesmith*, 4 Allen, 233; *Railway Co.* v. *Whitton*, 13 Wall. 270; *Cowles* v. *Mercer County*, 7 Wall. 118; *Le Roy* v. *Beard*, 8 How. 451; *Davis* v. *James*, 10 Bissell, 51; *Suydam* v. *Broadnax*, 14 Pet. 67; *Union Bank* v. *Jolly*, 18 How. 503; *Hyde* v. *Stone*, 20 How. 170; *Warren* v. *Wisconsin Valley Railroad*, 6 Bissell, 425; *Rocky Mountain Bank* v. *Bliss*, 89 N. Y. 338; *Paine* v. *Stewart*, 33 Conn. 516, *Bailey* v. *Hollister*, 26 N. Y. 112; *Chase* v. *Lord*, 77 N. Y. 1; *New England Bank* v. *Stockholders of Newport Factory*, 6 R. I. 154;[3] *Bacon* v. *Pomeroy*, 104 Mass. 577, 582.

---

[1] *S. C.* 49 Am. Dec 287.   [2] *S. C.* 77 Am. Dec. 78.   [3] *S. C.* 75 Am. Dec. 688.

*Mr. William Allen Butler* for defendant in error cited: *Pollard* v. *Bailey*, 20 Wall. 520; *Lowry* v. *Inman*, 46 N. Y. 119, 120; *Railway Co.* v. *Whitton*, 13 Wall. 270; *Cowles* v. *Mercer County*, 7 Wall. 118; *Moies* v. *Sprague*, 9 R. I. 541; *Fairfield* v. *Gallatin County*, 100 U. S. 47, and cases cited; *Post* v. *Supervisors*, 105 U. S. 667; *Norton* v. *Shelby County*, 118 U. S. 425; *Jessup* v. *Carnegie*, 80 N. Y. 441; *Merrick* v. *Santvoord*, 34 N. Y. 208; *Patterson* v. *Baker*, 34 How. Pr. 180; *Penniman's Case*, 11 R. I. 333; *S. C.* 103 U. S. 714; *Pennington* v. *Gibson*, 16 How. 65; *Hardmann* v. *Bowen*, 39 N. Y. 196, 199; *Fortier* v. *New Orleans Bank*, 112 U. S. 439; *Marine Bank* v. *Fulton Bank*, 2 Wall. 252.

MR. JUSTICE GRAY, after stating the case as above reported, delivered the opinion of the court.

This was an action at law, brought in the Circuit Court of the United States for the Southern District of New York, by a creditor of a Rhode Island manufacturing corporation, against the executor of a stockholder in that corporation, to enforce the liability which the statutes of Rhode Island impose upon stockholders in such corporations for the corporate debts.

In the court below, statutes and decisions of Rhode Island were agreed or proved and found as facts, in seeming forgetfulness of the settled rule that the Circuit Court of the United States, as well as this court on appeal or error from that court, takes judicial notice of the laws of every state of the Union. *Hanley* v. *Donoghue*, 116 U. S. 1, 6, and cases there collected. No reference was made to the statute of 1877, c. 600, to which the plaintiff has now referred, and which repeals and modifies in some respects the statutes agreed and found in the record to be still in force; and it is contended for the defendant that this court should not review a judgment on a ground which was not presented to the court below. That is doubtless the general rule. *Klein* v. *Russell*, 19 Wall. 433; *Badger* v. *Ranlett*, 106 U. S. 255. But it would be unreasonable to apply it when the effect would be to make the rights of the parties depend upon a statute which, as we know, and are judicially

bound to know, is not the statute that governs the case. And under either statute the result is the same, as will appear by a sketch of the history of the legislation and of its judicial construction, and a consideration of the principles upon which that construction rests.

The statutes of Rhode Island, upon which the case was argued and decided in the Circuit Court, were sections 1 and 14 of the manufacturing corporation act of 1847, reënacted in the Revised Statutes of 1851, c. 128, §§ 1, 19, 20, and in the General Statutes of 1872, c. 142, §§ 1, 20, 21.

By the first section of each of those statutes, the members of every manufacturing company afterwards incorporated "shall be jointly and severally liable for all debts and contracts made and entered into by such company," until the whole amount of the stock shall have been paid in, and a certificate thereof made and recorded in a certain public office; and by the other sections, when the stockholders shall be so liable to pay the debts of the company, or any part thereof, "their persons and property may be taken therefor, on any writ of attachment or execution issued against the company for such debt, in the same manner as on writs and executions against them for their individual debts;" or, the creditor may, instead of such proceedings, have his remedy against the stockholders by bill in equity.

These provisions were substantially copied from the Revised Statutes of Massachusetts of 1836, c. 38, §§ 16, 30, 31, as clearly appears on a comparison of the statute books of the two states, and as has been expressly recognized by the Supreme Court of Rhode Island. *Moies* v. *Sprague*, 9 R. I. 541, 544.

The provisions of the Revised Statutes of Massachusetts, as well as the similar provisions of the earlier statutes therein embodied and reënacted, were always construed by the Supreme Judicial Court of Massachusetts to allow the stockholders to be charged for the debts of the corporation by no other form of proceeding than that given by the statutes themselves.

This was clearly laid down, before the enactment of the statute in Rhode Island, in judgments delivered by Chief Justice Shaw, as follows: "The individual liability of stock-

holders, created by the statute of 1808, was of a particular and limited character, and could only be enforced in the manner pointed out by the statute." *Ripley* v. *Sampson* (1830), 10 Pick. 370, 372. " The construction uniformly put upon St. 1808, c. 65, § 6, has been, that it was a new remedy, given by statute, and as the mode of pursuing it was specially pointed out, that mode must be pursued; that it did not create a legal liability, to be enforced by an action." *Kelton* v. *Phillips* (1841), 3 Met. 61, 62. " This liability of an individual to satisfy an execution on a judgment to which he was not a party, and to which he had no opportunity to answer, is created and regulated by statute, and is not to be extended, by construction, beyond the plain enactments of the statute, as found by express provision or necessary implication." *Stone* v. *Wiggin* (1842), 5 Met. 316, 317. See also *Gray* v. *Coffin* (1852), 9 Cush. 192, 199.

That court accordingly held in *Ripley* v. *Sampson*, above cited, as well as in the earlier case of *Child* v. *Coffin* (1820), 17 Mass. 64, and in the later case of *Dane* v. *Dane Manufacturing Co.* (1860), 14 Gray, 488, that an execution against a corporation could not be levied on the estate of a stockholder who died before the commencement of the action; in *Kelton* v. *Phillips*, above cited, as well as in *Bangs* v. *Lincoln* (1858), 10 Gray, 600, that the statute liability of a stockholder was not a debt provable against his estate in insolvency; in *Stone* v. *Wiggin*, above cited, that the estate of a stockholder, though attached on mesne process in an action against the corporation, could not be taken in execution on the judgment in that action, without first making a demand upon the officers of the corporation for payment or satisfaction of the execution; and in *Knowlton* v. *Ackley* (1851), 8 Cush. 93, in accordance with the opinion of Chief Justice Shaw in *Kelton* v. *Phillips*, above cited, that a creditor of a corporation could not maintain an action at law against a stockholder.

In 1869, before the debt was contracted on which this action was brought, the Supreme Court of Rhode Island, in accordance with *Knowlton* v. *Ackley* and the other Massachusetts cases, above referred to, applied to the statute of Rhode Island

the rule that "when a statute creates a right or liability and prescribes a remedy, the remedy prescribed is the only remedy;" and, while leaving open the question whether the statute liability of a deceased stockholder survived in any manner at law against his estate, adjudged that at all events his estate could not be charged, either at law or in equity, except in the mode of proceeding prescribed by the statute, and therefore such a liability could not be proved before commissioners on the insolvent estate of a deceased stockholder. *Moies* v. *Sprague*, 9 R. I. 541. So in the Circuit Court of the United States for the District of Rhode Island, Judge Shepley and Judge Lowell held that the liability of a stockholder under that statute, unless liquidated and ascertained by a decree in equity, was not a debt that could be proved against his estate under the Bankrupt Act of the United States; and Judge Lowell's decision was affirmed by this court, without any contest upon that point. *James* v. *Atlantic De Laine Co.*, 11 Bankr. Reg. 390; *Garrett* v. *Sayles*, 1 Fed. Rep. 371, 377, and 110 U. S. 288.

The statute of Rhode Island of March 27, 1877, c. 600, is as follows:

"An act defining and limiting the mode of enforcing the liability of stockholders for the debts of corporations.

"Sec. 1. No person shall hereafter be imprisoned, or be continued in prison, nor shall the property of any such person be attached, upon an execution issued upon a judgment obtained against a corporation of which such person is or was a stockholder.

"Sec. 2. All proceedings to enforce the liability of a stockholder for the debts of a corporation shall be either by suit in equity, conducted according to the practice and course of equity, or by an action of debt upon the judgment obtained against such corporation; and in any such suit or action such stockholder may contest the validity of the claim upon which the judgment against such corporation was obtained, upon any ground upon which such corporation could have contested the same in the action in which such judgment was recovered.

"Sec. 3. All acts and parts of acts inconsistent herewith are hereby repealed.

" Sec. 4. This act shall take effect from and after the date of the passage thereof."

This statute permits the alternative remedy by suit in equity — whether before or only after recovering judgment against the corporation we need not now inquire — and modifies the previous statutes in no other respect than by abolishing the right to take the person of a stockholder for the debt of the corporation; by substituting, for the taking of his property on attachment and execution against the corporation, a new form of remedy, by action of debt against him upon a judgment obtained against the corporation; and by authorizing him, when so sued, either in equity or at law, to make any defence that the corporation might have made. As it does not undertake to annul the liability of the stockholders for the debts of the corporation, but only modifies the form of remedy and the rules of evidence, it is not doubted that it is a constitutional exercise of the power of the legislature, even as applied to debts contracted by the corporation before its enactment. *Hawthorne* v. *Calef*, 2 Wall. 10 ; *Penniman's Case*, 103 U. S. 714, affirming 11 R. I. 333 ; *Ogden* v. *Saunders*, 12 Wheat. 213, 262, 349 ; *Webb* v. *Den*, 17 How. 576 ; *Curtis* v. *Whitney*, 13 Wall. 68 ; *Tennessee* v. *Sneed*, 96 U. S. 69.

Under either statute of Rhode Island, the debt must be established by a judgment recovered against the corporation, before the creditor can proceed against the stockholder. The execution under the earlier laws, and the action against the stockholder under the existing statute, must be founded on that judgment. In short, it is only a judgment creditor of the corporation, who can collect a corporate debt from its stockholders, at least at law. What state of facts would be necessary to support a bill in equity by a creditor of the corporation against one or all of its stockholders is a question not before us. See *Cambridge Water Works* v. *Somerville Dyeing & Bleaching Co.*, 4 Allen, 239 ; *New England Bank* v. *Stockholders of Newport Factory*, 6 R. I. 154 ;[1] *Smith* v. *Railroad Co.*, 99 U. S. 398 ; *Case* v. *Beauregard*, 101 U. S. 688.

The question of the manner in which the liability of stock-

---

[1] S. C. 75 Am. Dec. 688.

holders under the statutes of the state which creates the corporation may be enforced in the courts of the United States is not a new one in this court.

In the leading case of *Pollard* v. *Bailey*, 20 Wall. 520, under a statute of the State of Alabama incorporating a bank, and providing in one section that the stockholders should " be bound respectively for all the debts of the bank in proportion to their stock holden therein," and in other sections that they might be charged by bill in equity, it was held that the remedy prescribed in these sections was the only one, and a creditor of the bank could not maintain an action at law against the stockholders in the Circuit Court of the United States; and the Chief Justice, in delivering judgment, affirmed the following principles, which have been constantly adhered to in subsequent cases : "The individual liability of stockholders in a corporation for the payment of its debts is always a creature of statute. At common law it does not exist. The statute which creates it may also declare the purposes of its creation, and provide for the manner of its enforcement." " The liability and the remedy were created by the same statute. This being so, the remedy provided is exclusive of all others. A general liability created by statute, without a remedy, may be enforced by an appropriate common law action. But where the provision for the liability is coupled with a provision for a special remedy, that remedy, and that alone, must be employed." 20 Wall. 526, 527.

Pursuant to these principles, this court has repeatedly held, not only that suits, either at law or in equity, in the Circuit Court, by creditors of a corporation, to enforce the liability of stockholders under a state statute, are governed by the statute of limitations of the State; *Terry* v. *Tubman*, 92 U. S. 156; *Carrol* v. *Green*, 92 U. S. 509; *Terry* v. *Anderson*, 95 U. S. 628; but also that the question whether the remedy in the federal courts should be by action at law or by suit in equity depends upon the nature of the remedy given by the statutes of the State. *Mills* v. *Scott*, 99 U. S. 25; *Terry* v. *Little*, 101 U. S. 216; *Patterson* v. *Lynde*, 106 U. S. 519; *Flash* v. *Conn*, 109 U. S. 371. See also *Blair* v. *Gray*, 104 U. S. 769; *Chase* v. *Curtis*, 113 U. S. 452, 460.

The case of *Flash* v. *Conn*, 109 U. S. 371, upon which the learned counsel for the plaintiff greatly relied, is in principle quite in line with the other cases, and was decided in favor of the plaintiff because of essential differences between it and the case at bar.

In *Flash* v. *Conn*, the statute of New York, there in question, did not direct that the stockholder should be charged by execution or action upon a judgment against the corporation, and thus in effect limit the right of proceeding against a stockholder to judgment creditors of the corporation; but it allowed any creditor, after bringing a suit against the corporation and having an execution returned unsatisfied, to bring an independent action against the stockholder upon his original liability; and the Court of Appeals of New York had decided, in *Shellington* v. *Howland*, 53 N. Y. 371, that the fact that a corporation had been adjudged bankrupt was a sufficient excuse for not proceeding against it, before suing a stockholder, under that statute.   In short, this court upheld a suit in the Circuit Court of the United States in Florida, upon exactly the same conditions on which it appeared that it would have been sustained in the courts of New York.

In the case at bar, on the other hand, neither of the statutes of Rhode Island gives any action at law against the stockholder upon his original liability, or any right whatever of proceeding against him at law, except by execution or action upon a judgment recovered against the corporation.   Before the passage of the Rhode Island statute of 1877, it had been determined by a decision of the Court of Appeals of New York, nearly contemporaneous with that in *Shellington* v. *Howland*, above cited, and affirmed by this court, as well as by a decision of the Supreme Judicial Court of Massachusetts, that proceedings in bankruptcy against a corporation do not dissolve it, or discharge it from its debts, or prevent any creditor from suing it for so much of his debt as remains unpaid, and recovering a judgment against it for the purpose of charging its stockholders. *Ansonia Brass & Copper Co.* v. *New Lamp Chimney Co.*, 53 N. Y. 123, and 91 U. S. 656; *Chamberlin* v. *Huguenot Manufacturing Co.*, 118 Mass. 532.   And

there is no decision, in Rhode Island or elsewhere, so far as we are informed, that under such a statute, a creditor of a corporation can sue a stockholder, without first establishing, by judgment against the corporation, its liability for the debt with which it is sought to charge him.

In *Burgess* v. *Seligman*, 107 U. S. 20, the question was whether the defendant was such a holder of stock in a corporation as to be liable for its debts, and no question of the form of the remedy was presented or considered. In *Garrett* v. *Sayles*, 1 Fed. Rep. 371, and 110 U. S. 288, the remedy against stockholders was sought by bill in equity, under the Rhode Island statute, after obtaining judgment against the corporation.

In all the diversity of opinion in the courts of the different states, upon the question how far a liability, imposed upon stockholders in a corporation by the law of the state which creates it, can be pursued in a court held beyond the limits of that state, no case has been found, in which such a liability has been enforced by any court, without a compliance with the conditions applicable to it under the legislative acts and judicial decisions of the state which creates the corporation and imposes the liability. To hold that it could be enforced without such compliance would be to subject stockholders residing out of the state to a greater burden than domestic stockholders.

The provision of the Rhode Island statutes, which made the stockholders of the Atlantic De Laine Company liable for its debts, was coupled with provisions prescribing the form of remedy, which still remain in force, except so far as they have been modified by the later statute of the same state. By the decisions of this court, as well as by those of the courts, both state and federal, held within the State and District of Rhode Island, and of the highest court of Massachusetts, where these provisions had their origin and their first judicial construction, this liability can be enforced only in the mode prescribed by the statutes of Rhode Island. The present suit, therefore, not being a bill in equity, or an action upon a judgment against the corporation, which are the only forms of

remedy authorized by these statutes, but being an independent action at law upon the original liability of the stockholder, cannot be maintained, and the Circuit Court rightly so held.

*Judgment affirmed.*

MR. JUSTICE BLATCHFORD did not sit in this case, or take any part its decision.