### KNOWER v. HAINES and another, Assignee, etc.

*(Circuit Court, D. Vermont. July 15, 1887.)*

1. JUDICIAL NOTICE—FEDERAL COURTS—STATE STATUTES.
   The courts of the United States take judicial notice of the public statutes of the several states.

2. CORPORATION—STOCKHOLDERS' LIABILITY—HOW ENFORCED.
   No liability of the officers or stockholders of a corporation for its debts exists at common law, but only by statute; and when such provision is made it can be enforced only as therein provided.

3. SAME—OFFICERS' LIABILITY—NATURE OF.
   Under the laws of Massachusetts, the officers of a corporation are made jointly and severally liable for the debts thereof, when they exceed the capital, "to the extent of such excess existing at the time of the commencement of the suit against the corporation upon the judgment in which the suit in equity to enforce such liability is brought." *Held*, that this liability, before suit brought to fix it, is not a debt, nor any fixed obligation to pay, but only that from which, by the prescribed course, an obligation to pay may be raised.

4. FRAUDULENT CONVEYANCES—MORTGAGE—CONSIDERATION.
   The defendant, largely indebted at the time, and an officer of a corporation, indorsed, without consideration, the obligations of the corporation given for a pre-existing debt thereof, and subsequently, to take up those obligations, gave without consideration a mortgage covering all his property. In a suit against defendant and his assignee in insolvency to foreclose this mortgage, *held* that, the mortgagee acquiring no rights as a *bona fide* holder for value without notice, such mortgage was void as to creditors.

5. INSOLVENCY—PREFERENCE—REV. LAWS VT. § 1860.
   The laws of Vermont provide that if a person being insolvent, or in contemplation of insolvency, within four months of insolvency makes a conveyance to a creditor, having reasonable cause to believe him insolvent, or in contemplation of insolvency, and that such conveyance is made in fraud of the laws relating to insolvency, the same shall be void. *Held, also*, that this mortgage was void under the act, being given within the time prohibited; defendant knowing his insolvency, and the orator having reasonable cause to suspect the same, and the preference the mortgage, if operative, would work.

6. CONSTITUTIONAL LAW—IMPAIRING OBLIGATION OF CONTRACTS.
   This law regulates conveyances, which any state may do as to any property within its jurisdiction, notwithstanding the provision of the constitution against impairing the obligations of a contract.

7. PRESUMPTIONS—KNOWLEDGE OF FACTS.
   A mortgagee of property located in another state, having reasonable cause to know the fact of such conveyance, is presumed to know the law applicable to them.

v.31F.no.9—33

In Equity.   The facts appear in the opinion.
*Wilder L. Burnap* and *Alfred J. Taylor*, for orator.
*James K. Batchelder* and *Henry A. Harman*, for defendant Carney.

WHEELER, J.   This suit is brought to foreclose a mortgage of $50,000 on real estate, mill, and machinery situated in Bennington, dated February 1, 1886.   The defense is made by the assignee in insolvency proceedings had under the laws of the state within four months after, upon the ground that the mortgage is void as against the assignee under those laws.   The Huguenot Woolen Company, a corporation organized in January, 1884, under the laws of Massachusetts, of which Haines was president, and of the stock of which he owned 65 per cent., appears to have owed the firm of Knower, Haines & Cooley, whose assets belonged wholly to the orator, on the tenth day of November, 1885, the sum of $85,198.73.   The capital stock of this corporation was $50,000, and by the laws of Massachusetts the officers of the corporation were made jointly and severally liable for its debts, in certain cases specified, and not otherwise.   Pub. St. Mass. *c*. 106, § 60.   The only one of the cases specified which is applicable to this case, as shown by the evidence, is the third.   In that case they are made so liable when the debts exceed the capital, "to the extent of such excess existing at the time of the commencement of the suit against the corporation upon the judgment in which the suit in equity to enforce such liability is brought," as thereinafter provided.   These laws of Massachusetts were not put in evidence, but it is the duty of this court to take judicial notice of them. *Fourth Nat. Bank* v. *Francklyn*, 120 U. S. 747, 7 Sup. Ct. Rep. 757. No such suit in equity to enforce any judgment in a suit, or any such suit, appears ever to have been brought.   No liability of officers or stockholders of a corporation exists at common law, but only by statutes of the sovereignty creating it.   When so created, it exists only as created, and can be enforced only as provided by such statutes when they make provision for that purpose. *Pollard* v. *Bailey*, 20 Wall. 520; *Fourth Nat. Bank* v. *Francklyn, supra*.   Such liability, under a statute like this, before suit brought to fix it, is not a debt, nor any fixed obligation to pay; but is only that from which, by the prescribed course, an obligation to pay may be raised. *Ripley* v. *Sampson*, 10 Pick. 371; *Bangs* v. *Lincoln*, 10 Gray, 600.   This is different from cases where the law raises the liability from the acts of the officers or stockholders, and leaves it to be enforced by the appropriate remedy. *Windham Prov. Inst.* v. *Sprague*, 43 Vt. 502.

Upon this statute, and these principles, Haines was not liable, and could not be made so, for any of this debt of that company, except for the excess of it above $50,000; and only for so much of that as might exist at the commencement of a suit against the corporation, to be followed by a bill in equity against him.   On that day he indorsed 31 notes of that company, made payable to his order, to the orator, for $77,500 of this debt, and drew three checks in favor of the orator, of $2,500 each, for $7,500 more of it.   There was no other consideration for these checks or these

indorsements. The orator knew the whole transaction, and acquired no rights as a *bona fide* holder for value without notice. One of the checks was paid. This mortgage was given to take up the two remaining checks, and as many of the notes, all of which remained unpaid, as it would cover, and for no other consideration. Haines owed at this time about $106,000 of just debts, and the mortgage covered substantially all of his property within the reach of his creditors for the satisfaction of his debts; which, upon the evidence, does not appear to have been in fact worth much, if any more, than the amount of the mortgage. The undertaking which Haines entered into by indorsing the notes, and drawing the checks, was without legal consideration; for no new advancement was made upon it, and the liability of the Huguenot Woolen Company, and of the officers of that company, remained afterwards the same as before. The mortgage was therefore really given to secure a debt due from the Huguenot Company to the orator, and not any debt due from Haines to the orator. Such a conveyance of substantially all his property, for such a purpose, was void as to his creditors without reference to the statutes invalidating preferences. *Church* v. *Chapin*, 35 Vt. 223. The assignee represents the creditors, and has all their rights of defense against the mortgage. Haines could probably have settled for his liability to a suit in equity for the excess of this debt above the capital of the Huguenot Company, about $35,000, without waiting for a suit against the company, and then against him, or either, and given his note, or indorsed the company's note, for the amount, and a valid debt against him have thereby been created. But this was not done. Nothing was done but what, taken altogether, amounted to an attempt to mortgage his property for a debt due from the company, and not due from him.

But if this debt, or the excess of it above the capital of the Huguenot Company, was to be treated as a debt of Haines' which he might lawfully secure as well as any other, the laws of Vermont provide that if a person, being insolvent or in contemplation of insolvency, within four months of insolvency makes such conveyance to a creditor, having reasonable cause to believe him insolvent, or in contemplation of insolvency, and that such conveyance is made in fraud of the laws relating to insolvency, the same shall be void. Rev. Laws Vt. § 1860. With this added to his other debts, or without, there is no fair question but that Haines was actually insolvent at the time of making this mortgage; nor but that he was so far insolvent that he knew the mortgage, if operative, would work a preference to the orator. And the proof shows that the orator was so familiar with Haines and his property, and the sources from which it came, and with his liabilities, and his aptitude for creating them, that he had good grounds, amounting to reasonable cause, to more than suspect, and to believe, that he was insolvent, and that the mortgage, if operative, would withdraw his property from the reach of his other creditors, and prevent its equal distribution, under any law, among them. The proof shows that he did not know of the insolvency laws of Vermont, or that there were any, and that he resided in New York, away from their operation; but, as he was situated with

reference to this property, in undertaking to cover it with this mortgage, he had reasonable cause to know of these laws, as well as of the facts that bring the conveyance which he took within their operation. Being charged with knowledge of the facts, he is to be presumed to know the laws applicable to them.

The point is made in the pleadings that this law of Vermont is contrary to that provision of the constitution of the United States which prohibits any state from making any law impairing the obligation of contracts. This law does not, however, impair the obligation of any contract. It regulates conveyances, which it does not seem to be doubtful that any state may do, as to any property within its jurisdiction, notwithstanding this clause in the constitution of the United States.

Let there be a decree that this mortgage is void as to the defendant Carney, as assignee of Haines, and that the bill be dismissed as to him, with costs.