STATE NAT. BANK OF CLEVELAND, OHIO, v. SAYWARD et al.

(Circuit Court of Appeals, First Circuit. January 19, 1899.)

No. 252.

STOCKHOLDERS' LIABILITY—ENFORCEMENT IN FEDERAL COURT—PARTIES.

The Ohio statute provides that the constitutional liability of stockholders of a corporation may be enforced by an action which shall be for the benefit of all the creditors and against all the stockholders, and that in such action there shall be determined the amount payable by each stockholder on all the indebtedness of the corporation. *Held* that, where the contemplated statutory ascertainments had not been made, the liability would not be enforced by a federal court in a sister state in a suit by a single creditor in which neither all the stockholders nor the corporation were made parties.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For opinion of circuit court, see 86 Fed. 45.

George Putnam (Jabez Fox and James L. Putnam, on the brief), for appellant.

William B. French, for appellees Sayward and Linder.

Charles A. Drew, for appellee Annable.

Charles D. Adams, for appellee George F. Reed.

Before PUTNAM, Circuit Judge, and ALDRICH and BROWN, District Judges.

ALDRICH, District Judge. The defendants are residents of Massachusetts, and hold stock in an Ohio corporation. The corporation in which the stock is held is a private corporation, called the "Findlay Rolling-Mill Company," and is not a party here. This is a suit to enforce the stockholders' statutory liability created by the constitution and statute laws of the state of Ohio, and is directed against the Massachusetts stockholders in the Findlay Rolling-Mill Company of Ohio, for the purpose of collecting a judgment for $12,465.68, including costs, which this plaintiff, an Ohio creditor, recovered against the rolling-mill company in an Ohio suit. These defendants were not parties to the Ohio suit; they own only a small part of the stock of the corporation; and there are other creditors of the corporation than this plaintiff.

Section 3, art. 13, of the constitution of Ohio, declares that:

"Dues from corporations shall be secured, by such individual liability of the stockholders, and other means, as may be prescribed by law; but in all cases, each stockholder shall be liable, over and above the stock by him or her owned, and any amount unpaid thereon, to a further sum, at least equal in amount to such stock."

And the statute creating the liability is as follows:

"The stockholders of a corporation which may be hereafter formed, and such stockholders as are now liable under former statutes, shall be deemed and held liable, in addition to their stock, in an amount equal to the stock by them subscribed, or otherwise acquired, to the creditors of the corporation, to secure the payment of the debts and liabilities of the corporation." Rev. St. Ohio 1880, § 3258.

The remedy for the enforcement of the creditors' statutory right provides that a stockholder or creditor may enforce such liability jointly against all the holders or owners of stock, which action shall be for the benefit of all the creditors of the corporation, and against all persons liable as stockholders, and in such action there shall be found and determined the amount payable by each person liable as stockholder on all the indebtedness of the corporation. The statute providing the remedy also, among other things, provides for a judgment for a pro rata amount among the resident stockholders.

There is nothing in the case presented which requires a critical discussion of the question whether the bill or complaint is strictly a creditors' bill. It is enough to say that, as a substantial feature of the Ohio statute which provides the remedy, it is required that the action shall be for the benefit of all the creditors of the corporation and against all persons liable as stockholders, and that the remedy fairly contemplates an accounting, which, in substance and effect, means a proceeding in the nature of an equitable proceeding. It is not worth while, in respect to states where distinctions between forms of action are abolished, to discuss the strict technical meaning of names employed in statutes to designate the remedy, like that of "action," "petition," "action at law," or "suit in equity." It is sufficient to look to the substance of the statute, and if it is found that the statute provides for or contemplates a remedy in the nature of an equitable proceeding, and the character and conditions of the liability are such as present ground for equitable cognizance, the remedy should be in equity.

The supreme court of Ohio in Umsted v. Buskirk, 17 Ohio St. 114, 118, in passing upon the statute in question, observes that:

"The right arising out of this liability is intended for the common and equal benefit of all the creditors. The suit of a creditor, under this statute, should, in our opinion, be for the benefit of all the creditors; and the stockholders whose liability is sought to be enforced have the right to insist on their co-stockholders being made parties for the purposes of a general account, and to enforce from them contribution in proportion to their shares of stock."

The same court, in an earlier case in the same volume (Wright v. McCormack, 17 Ohio St. 87, 95), remarked that the liability imposed on the stockholders is not a primary resource or fund for the payment of the debts of the corporation; and the liability is treated as collateral and conditional to the principal obligation which rests on the corporation, to be resorted to by all the creditors in case of the insolvency of the corporation, or where payment cannot be enforced by the ordinary process, and as a security provided by the statute for the benefit of all the creditors, in which no creditor can gain priority or institute a separate suit for the enforcement of the liability in his own behalf.

The question of the character and scope of the creditors' remedy upon the stockholders' liability under the Ohio statute was again before the supreme court of that state in 1881, in Wheeler v. Faurot, 37 Ohio St. 26, 28, in which the proceeding was referred to as being one in equity to marshal the liability of all the stockholders, inter sese as well as to the creditors, and the court, in speaking of other stockholders, says:

"It was a right which Wheeler and Shuler had to have them brought into court, to the end that, when the final judgment was entered, the rights of all persons interested in the matter, as well as the object of the suit, should be adjudicated and settled, and all further litigation thereby avoided."

The only case outside of Ohio involving this statute, called to our attention, is that of Aultman's Appeal, 98 Pa. St. 505. This case was decided in January, 1882, and it does not appear that the statute of 1880, prescribing the remedy, which contains important limitations, was before the court for its consideration. The distinct ground, however, on which the court based the decision in that case, was that the plaintiff was the holder of all the indebtedness of the Ohio corporation; that all the assets, real and personal, of the corporation had been exhausted; and that the defendants were all the stockholders, and resided in the state of Pennsylvania. Yet, in course of the opinion, Chief Justice Sharswood significantly remarked that:

"The reasons against a court of equity assuming jurisdiction over the affairs of a foreign corporation are certainly very cogent, and will have to be maturely considered, if such question should hereafter arise. We do not now say that the court ought not, in the exercise of a sound discretion, to decline to interpose at the suit of some of the creditors against some of the stockholders of such a corporation."

Looking at the Ohio statute aside from the authoritative interpretation which the Ohio supreme court has placed upon it, we should have no hesitation in saying that the remedy contemplated for the ascertainment of the stockholders' liability and the creditors' rights was an equitable proceeding, and, there being no expression of a contrary statutory intent, it is safe to assume that it was intended that the proceeding should conform to the common and ordinary requirements of the rules relating to equity procedure. The statute and the decisions of the Ohio court, therefore, conform to the federal practice, which would require that the adjustment of the rights involved in the statute in question should be had in an equitable proceeding, in accordance with equity rules. This being so, it becomes quite unnecessary that we should discuss the question whether federal courts will in all instances strictly conform to the precise lines of state remedies created for the enforcement of state statutory liabilities. Therefore, as has already been stated in effect, this statutory right given to the creditor is to be established upon equitable grounds, and the remedy provided is essentially and substantially an equitable remedy for the enforcement of the statutory right upon equitable lines.

As the statute requires an equitable proceeding, it in substance and in effect presupposes that the remedy shall be invoked in a court which

is in a condition to furnish the relief in the way intended and upon the grounds intended. This necessarily requires the presence of parties who are not before this court in this proceeding. The supreme court of Ohio, in Umsted v. Buskirk, supra, said, in effect, that the corporation is a necessary party; and, in view of the fact that the stockholders' liability is collateral, conditional, and, as expressed by the statute, for the purpose of securing the payment of the debts and the liabilities of the corporation, it would seem clear that the corporation, the original debtor, is a necessary and indispensable party. The statute providing the remedy in question requires that there shall be found and determined the amount payable by each person liable as stockholder on all the indebtedness of the corporation. Therefore it becomes necessary that an accounting should be had, probably based upon the assets and liabilities, and that the stockholders' liability shall be established upon equitable grounds. Again, such an ascertainment makes the corporation, the original debtor, a necessary party, to the end, as said in Wheeler v. Faurot, supra, that the rights of all persons interested in the matter should be adjudicated and settled and all further litigation avoided.

It is not necessary for us to determine the practical effectiveness or efficiency of this statutory liability and remedy in favor of the creditors, where the stockholders and creditors are distributed among the various states, or whether the liability, if inoperative against some, is operative against others.

Somewhat anomalous and arbitrary remedies, like that existing in the constitution and statutes of the state of Kansas, have been upheld and enforced in federal courts, largely upon the ground that the stockholder submitted himself to the operation of the remedy and contracted with the public in respect to it. It could perhaps be said with consistency that creditors, on the other hand, who deal with a corporation and voluntarily contract, are bound by the disabilities and conditions prescribed by the government creating the corporation; and Railway Co. v. Gebhard, 109 U. S. 527, 537, 3 Sup. Ct. 363, would seem to justify the position that creditors and members of the public who deal with a corporation are bound by the remedy and the liability prescribed, together with the disabilities, if any, under the laws of the state creating the corporation and prescribing the remedy. The doctrine of Railway Co. v. Gebhard, supra, which is applied to foreign creditors, must be accepted as fairly applying to home creditors, like the plaintiff in this case, who, it must be held, presumed upon the reasonable scope of the local right and the local remedy. If, therefore, there is a lack of efficiency in the remedy prescribed by the statute of Ohio (a question which it is not necessary we should decide), it would seem, upon reason, that the rule which would hold the stockholder to an arbitrary and anomalous remedy, on the ground of contract, should hold the creditor to an inefficient and practically inoperative remedy upon the same ground.

The statute under consideration is quite unlike the constitutional provision and statute of the state of Kansas and that of some other states, where a specific, unqualified, unconditional, and arbitrary remedy at law is specified, and in respect to which the stockholders are

presumed and held to have contracted and submitted themselves, and the rule of comity or right, whichever it may be called, that binds the stockholders under federal law to such statutory remedy, by necessary force of logic and reason entitles stockholders, who contract under different conditions and different statutes, to the equitable provisions of the statute of the state creating their liability. The Ohio statute expressly requires all the stockholders to be parties, and in this respect the statute simply requires what the general rule of equity requires, that all persons interested in a subject-matter in controversy shall be parties. The inquiry contemplated by this statute necessarily involves the character of the remedy, the nature of the right, and its determination with respect to all the indebtedness of the corporation, and by fair and necessary intendment, under common and well-understood rules of equity, all the creditors, as well as the debtor corporation, should be parties. It is true this complaint holds out to other creditors the privilege of joining as plaintiffs herein, but this does not answer the purposes of the statute. The creditors should all join, to the end that all the indebtedness may be ascertained, and upon that basis, and the basis of all the assets and all the liabilities of the corporation, the equitable liability of each individual stockholder may be determined.

If these defendants are liable in some proceeding somewhere, what they owe certainly belongs to all the creditors pro rata, and not to such as sue or may join. The other creditors cannot be deprived of their interest in the dues of the Massachusetts stockholders by the election of this plaintiff to sue here, and its offer of the alternative of coming to this jurisdiction or losing their interest in the dues of the Massachusetts stockholders. The answer that the other creditors would have a right of action against the plaintiff to recover their pro rata interest in the dues of the Massachusetts stockholders would not be a sufficient answer, for the reason that the statutory remedy did not contemplate such uncertainty and circuity of action. In this case, with a joinder of parties which includes neither all the creditors, all the stockholders, nor the debtor corporation, administering this law in another jurisdiction upon lines of comity or right, as it may be, we ought not to be expected to do what the state court, administering the law of the state creating the liability, would not and could not fairly and equitably do in a like proceeding with like parties. Fragmentary equity litigation, which tends to confuse and complicate the equitable rights of a few, rather than settle the equitable rights of all concerned, should not be favored or upheld beyond the instances in which the parties have dealt in reliance upon exceptional relations and remedies created by statute. If it can be fairly said that all parties, creditor, debtor, and stockholder, contracted with reference to a peculiar statutory remedy, wherein the statutory right is expressly given to a single creditor to pursue a single stockholder in an action at law, that is one thing; but what equity or characteristic of fairness can be suggested in favor of a statutory extraterritorial remedy beyond that of the home remedy? Should this court, upon statutory grounds, on lines of comity, give an extraterritorial remedy beyond that of the parent forum? Should this court, upon

lines of equity or comity, give to an Ohio creditor a remedy against a Massachusetts stockholder which the Ohio statute and home forum denies to an Ohio creditor under like circumstances against a Massachusetts stockholder, and which it denies to an Ohio creditor against an Ohio stockholder under like circumstances?

As was said by Mr. Justice Gray in Bank v. Francklyn, 120 U. S. 747, 758, 7 Sup. Ct. 757, to hold that a stockholder's liability shall be enforced by any court without a compliance with the conditions applicable to it, under the legislative acts and judicial decisions of the state which creates the corporation and imposes the liability, "would be to subject stockholders residing out of the state to a greater burden than domestic stockholders." It is quite unnecessary to remark that such a result would be contrary to equity. Under an interpretation of the liability and the remedy which would give a recovery under such circumstances, some of the creditors could collect all their claims of a few of the stockholders, and all the indebtedness of the corporation might primarily fall upon a part only of the stockholders, and it is almost needless to say that such results were not intended by the constitutional provision and the statutory equitable remedy in question. Under a statute of this character, all should stand alike, and the remedy should be measured by the scope and the lines of the local statutory law with respect to which the parties had their relations and dealings, and, as the dealings become extraterritorial, the remedy should become a general or extraterritorial remedy, to be administered according to the home law. There being no common-law liability of stockholders, the Ohio statute was manifestly intended to create one, and it is quite as manifest that the purpose was to supply a remedy upon the lines of equitable procedure, to be administered according to the common and usual course of equity. This requires that the proceeding shall join all the parties necessary to the ascertainment of the conditions upon which the equitable relief is to be afforded. In this view, again, the debtor corporation becomes an indispensable party.

The statute means, after getting jurisdiction of all the parties within reach of the process of the forum where the debtor can be served, and the ascertainment of all the liabilities and assets of the corporation, that judgment shall go against a stockholder for an amount commensurate with the equitable proportion which his holding sustains to the capital stock and all the indebtedness not covered by the assets, and which he in equity, in view of all the circumstances, should be required to pay, rather than an arbitrary right of recovery in advance of an equitable accounting. This is according to equity, according to the construction which the highest court of Ohio has placed upon this statute, and it is simple justice. With a single creditor and a part of the stockholders as the only parties to this proceeding, it was not within the province or power of the court below to make the ascertainment and afford the equitable relief contemplated by the Ohio statute, and therefore the bill was properly dismissed.

It is hardly necessary to observe that this case is decided upon the ground of want of jurisdiction over the necessary parties, and not upon the ground that the Ohio remedy is not an enforceable remedy

in a federal court upon proper joinder of necessary parties and lawful service. The decree of the circuit court is affirmed, with costs to the several appellees.